Ahren A. Tiller [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste. 1100
San Diego, Ca 92101
Phone 619-894-8831
Fax 866-444-7026
Email ahren.tiller@blc-sd.com

Attorneys for Plaintiff
Vincent Manikan

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT MANIKAN<br><br>Plaintiff<br><br>vs.<br><br>PACIFIC RIDGE NEIGHBORHOOD HOMEOWNERS ASSOCIATION, N.N. JAESCHKE, INC., PETERS & FREEDMAN, L.L.P., AND DOES 1-10,.<br><br>Defendants. | CASE NO.: 3:17-cv-00467-BEN-BLM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND COMPLAINT AND ADD NEW PARTIES**<br><br>Date: May 22, 2017<br>Time: 10:30 a.m.<br>Judge: Hon. Roger T. Benitez<br>Ctrm: 5A<br><br>Complaint Filed: Feb. 2, 2017<br>Notice of Rem. Filed: Mar. 7, 2017<br>Trial Date: None |

## MEMORANDUM OF POINS AND AUTHORITIES

### I.

### LEGAL ARGUMENT

FRCP 15(a) provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent, or with the Court's leave. When considering whether to grant leave to amend a Complaint, the Court should, "freely give leave when justice so requires," *Id.*

Leave to amend should be granted with "extreme liberality." See *DCD Programs Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987); see also *Foman v. Davis*, 371 U.S. 178, 182, (1962). Absent prejudice, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or futility, the Court should freely grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003), citing to *Foman*, Supra.

When assessing a Motion for Leave to Amend a Complaint, the Court considers five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004). A party opposing amendment bears the burden of showing any of the factors above. See *DCD Programs*, Supra at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC,* Supra at 1052. See also *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("the crucial factor is the resulting prejudice to the opposing party"). Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC,* Supra at 1052, citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997). A denial of leave to amend without any explanation by the district court is "not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Eminence Capital, LLC,* Supra at 1052, citing to *Foman*, Supra at 182. Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

In this case, all of the factors outlined above weigh in favor of granting Plaintiff's Motion for Leave to Amend. Plaintiff's complaint was filed in the

1  San Diego Superior Court on February 2, 2017, and Defendants Pacific Ridge
2  Neighborhood Homeowners Association ("Pacific Ridge") and N.N. Jaeschke,
3  Inc. ("Jaeschke") unilaterally removed the Complaint to this Court on March 7,
4  2017.  Defendants Pacific Ridge and Jaeschke filed a joint Motion to Dismiss
5  pursuant to FRCP 12(b)(6) on March 14, 2017 (ECF No. 3).   Defendant Peters
6  & Freedman, L.L.P. ("P&F") filed a separate Motion to Dismiss pursuant to
7  FRCP 12(b)(6) on March 23, 2017 (ECF No. 4).  Plaintiff filed Responses in
8  Opposition to the Motions to Dismiss, along with a Motion to Remand (ECF
9  Nos. 5-7).  As referenced in Plaintiff's Responses to the Defendants' two
10 separate Motions to Dismiss, Plaintiff intends for his FAC to resolve any
11 possible issues raised in said Motions to Dismiss.  Plaintiff brings his Motion to
12 Amend early in the proceedings, before any party has expended significant
13 costs, and before any discovery has taken place.
14 There is no prejudice to any of the current parties by allowing Plaintiff to
15 amend his complaint, and Plaintiff does not have any prior amendments to his
16 complaint, nor allegations by any Defendant of acts amounting to bad faith by
17 Plaintiff.   Further, Plaintiff's FAC would certainly not be futile, as it would
18 seek to add allegations that Defendants violated 15 U.S.C. §1692(f)(6).  In their
19 Motions to Dismiss, Defendants all claim that Plaintiff's Complaint fails to
20 state a claim and must be dismissed as the subsections of the FDCPA (and as
21 incorporated by the RFDCPA) claimed by Plaintiff are inapplicable in the
22 context of a non-judicial foreclosure.  Although Plaintiff disputes these
23 arguments in his Responses in Opposition to Defendants' Motions to Dismiss,
24 as 15 U.S.C. §1629(f)(6) renders those points moot as it specifically addresses
25 and applies to non-judicial foreclosure proceedings.  Thus, Plaintiff's FAC
26 should resolve a major point of contention raised in the Motions to Dismiss.
27
28

FRCP 20 provides that a Defendant may be joined if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

The purpose of adding parties under FRCP 20 is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits, as single trials generally tend to lessen the delay, expense and inconvenience to all concerned. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). See also *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.")

Plaintiff's request to add parties satisfies the requirements and purpose of FRCP 20. Plaintiff seeks to add as a Defendant, Advanced Attorney Services, Inc. ("AAS"), which is the entity retained by the current Defendants to effectuate service of the Notice of Default, which is the primary subject of Plaintiff's Complaint. Plaintiff was unaware of the identity of Defendant AAS until after initiating this action, and Defendant AAS, which Plaintiff is attempting to add to this action is the process servicing company that damaged Plaintiff's fence and harassed his family. Therefore, Plaintiff's claims against AAS arise out of the same facts and alleged acts giving rise to his claims against the other Defendants, and as such, allowing Plaintiff to pursue his claims as to all Defendants in a single suit would reduce costs for all parties, and promote judicial efficiency. Furthermore, Plaintiff was unable to add Defendant AAS until after initiating this action, as he their identity was unknown at the time and Plaintiff only became aware of their identity through informal discussions with the other Defendants after initiating this action.

## II.

## CONCLUSION

For the foregoing reasons, Plaintiff seeks leave from this Court to file his proposed FAC, wherein he seeks to alter his allegations and claims against the existing Defendants, drop his RFDCPA claims against Defendant P&F, and bring new claims alleging violations of 15 U.S.C. §1692 et. seq., Cal. Civ. Code § 1788 et. seq., and Trespass against Advanced Attorney Services, Inc. ("AAS"). This Court should liberally allow for Plaintiff to amend his complaint, and none of the *Foman* factors weigh against allowing amendment.  Further, the addition of AAS to this suit will reduce cost for all parties and promote judicial economy as Plaintiff's claims arise out of the same factual allegations and claims already pending against the other Defendants.

Thus, Plaintiff's Motion for Leave to Amend his Original Complaint should be granted.

Dated: April 17, 2017           By:    */s/ Ahren A. Tiller*
                                       AHREN A. TILLER, ESQ.
                                       BLC LAW CENTER, APC
                                       ATTORNEYS FOR PLAINTIFF