MANIKAN v. PACIFIC RIDGE NEIGHBORHOOD HOMEOWNERS ASSOCIATION ET. AL

3:17-CV-00467-BEN-BLM

# EXHIBIT 1

**PROPOSED FIRST AMENDED COMPLAINT**

1  Ahren A. Tiller, Esq. (SBN: 250608)
   ahren.tiller@blc-sd.com
2  BLC Law Center, APC
   1230 Columbia St., Ste. 1100
3  San Diego, CA 92101
   Telephone: (619) 894-8831
4  Facsimile: (619) 297-1022

5  Attorneys for Plaintiff
   VINCENT MANIKAN
6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| VINCENT MANIKAN,<br><br>                 Plaintiff,<br><br>        v.<br><br>PACIFIC RIDGE NEIGHBORHOOD HOMEOWNERS ASSOCIATION, N.N. JAESCHKE, INC., PETERS & FREEDMAN, L.L.P., ADVANCED ATTORNEY SERVICES, INC., AND DOES 1-10.<br><br>                 Defendants. | **CASE NO.:** 3:17-CV-00467-BEN-BLM<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF (1) THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 ET. SEQ.; (2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1788.32); AND TRESPASS**<br><br>**Jury Trial Demanded** |

21

22              <u>**INTRODUCTION**</u>

23  1.  After finding, "abundant evidence of the use of abusive, deceptive, and unfair

24      debt collection practices by many debt collectors,[1]" Congress passed the Fair

25      Debt Collection Practices Act (hereinafter "FDCPA") in 1977 to eliminate

26      abusive debt collection practices by debt collectors and to ensure that those

27      debt collectors who refrain from using abusive practices are not competitively

28  _____
   [1] 15 USC §1692(a)

1    disadvantaged.

2    2.   The California legislature determined that unfair or deceptive collection

3         practices undermine the public confidence which is essential to the continued

4         functioning of the banking and credit system.  The legislature further

5         determined there is a need to ensure that debt collectors and debtors exercise

6         their responsibilities to one another with fairness, honesty, and due regard for

7         the rights of others.  The legislature's explicit purpose of enacting the

8         Rosenthal Fair Debt Collection Practices Act of California (hereinafter

9         "RFDCPA") was to prohibit debt collectors from engaging in unfair or

10        deceptive acts or practices in the collection of consumer debts and to require

11        debtors to act fairly in entering into and honoring such debts.[2]

12   3.   VINCENT MANIKAN (hereinafter referred to as "Plaintiff"), through his

13        Counsel of record, brings this action against PACIFIC RIDGE

14        NEIGHBORHOOD HOMEOWNERS ASSOCIATION (hereinafter "Pacific

15        Ridge"), N.N. JAESCHKE, INC. (hereinafter "N.N. Jaeschke"), PETERS &

16        FRIEDMAN, L.L.P. (hereinafter "P&F"), ADVANCED ATTORNEY

17        SERVICES, INC. (hereinafter "AAS" and DOES 1-10, inclusive, (all parties

18        other than Plaintiff, hereinafter are collectively referred to as "Defendants"),

19        pertaining to actions by the Defendants to unlawfully collect a debt allegedly

20        owed by Plaintiff, and these actions caused Plaintiff damages.

21   4.   Plaintiff makes the allegations contained herein on information and belief

22        (except as to those allegations regarding himself, which are made on personal

23        knowledge).

24

25                           **JURISDICTION AND VENUE**

26   5.   This action is based on Defendants' violations of the RFDCPA found in 15

27        U.S.C. §§ 1692 et seq., the RFDCPA found in California Civil Code §§ 1788-

28   ─────────────────────
     [2] CA Civil Code §§ 1788.1(a)-(b)

*First Amended Complaint*  **2**

1788.32, and Trespass.

6. The Superior Court of California in and for the County of San Diego has jurisdiction over each defendant, as the unlawful practices alleged herein occurred in California.

7. Venue is proper in the Superior Court of California in and for the County of San Diego, because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendants regularly conduct business within State of California, County of San Diego.

## PARTIES

8. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

9. Plaintiff is allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3).

10. Plaintiff is a "Debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

11. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

12. Defendant Pacific Ridge is a California Corporation and Homeowner's Association.

13. Defendant Pacific Ridge regularly attempts to collect through the use of mails and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).  For example, when individuals owe Pacific Ridge debts for regular monthly dues, delinquent monthly association dues, fines levied by the association, and similar related matters, Pacific Ridge collects on debts owed to it through the mails and telephone.  Therefore,

Defendant Pacific Ridge is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

14. Defendant N.N. Jaeschke is a California Corporation, engaged in property management and debt collection.

15. Defendant N.N. Jaeschke regularly attempts to collect through the use of mails and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).  For example, when certain debts allegedly owed to Defendant Pacific Ridge are delinquent, employees of Defendant N.N. Jaeschke collect on those debts by us of the mail and via telephone.  Therefore Defendant N.N. Jaeschke is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

16. Defendant P&F is a Partnership engaged in the practice of law, including specifically debt collection.

17. Defendant P&F regularly collects, or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  For example, when alleged debts owed to Defendant Pacific Ridge are delinquent, Defendant P&F regularly seeks to collect on those delinquent debts through the mail, telephone, use of the Courts, and by other means of collection.  Defendant P&F is therefore a "debt collector" as that phrase is defined by 15 U.S.C. §1692(a)(6).

18. Defendant P&F regularly attempts to collect through the use of mails and via telephone "consumer debts" allegedly owed, as that term is defined by Cal. Civ. Code §1788.2(f).  For example, when alleged debts owed to Defendant Pacific Ridge are delinquent, Defendant P&F regularly seeks to collect on those delinquent debts through use of the mail, via telephone, thought Court filings, and by other means of collection.  Defendant P&F, therefore, is a "debt

collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. Defendant AAS is a California Corporation, engaged in attorney support services, including the collection of debt.  Defendant AAS is a registered process server, as per Cal. Bus. & Prof. Code §22350.

20. Defendant AAS regularly collects, or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  For example, Defendant P&F, often retains Defendant AAS to effectuate debt collection in person and through the mails on behalf of Defendant P&F and its clients. Defendant AAS is therefore a "debt collector" as that phrase is defined by 15 U.S.C. §1692(a)(6).

21. Defendant AAS regularly attempts to collect through the use of mails and in person, "consumer debts" allegedly owed, as that term is defined by Cal. Civ. Code §1788.2(f).  For example, Defendant P&F, often retains Defendant AAS to effectuate debt collection in person and through the mails on behalf of Defendant P&F and its clients.  Defendant AAS, therefore, is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

22. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  This action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

### **GENERAL ALLEGATIONS**

Plaintiff incorporates by reference and realleges Paragraphs 1-22 above as if fully stated herein.

23. Plaintiff is the owner of real property commonly known as 6283 Canyon Bluff Ct., San Diego, CA 92121.

*First Amended Complaint* **5**

24. On July 20, 2012, Plaintiff filed a bankruptcy case under Chapter 13 in the U.S. Bankruptcy Court for the Southern District of California, titled *In re Vincent G. Manikan*, with Case No.: 12-10069-LT13 (hereinafter "Bankruptcy Case").

25. Plaintiff scheduled a claim held by Pacific Ridge in his bankruptcy case, alleging arrears owed in the amount of $3,047.04.

26. Plaintiff's Initial Chapter 13 Plan, filed as Dkt. No. 2 in the Bankruptcy Case, (hereinafter "Chapter 13 Plan"), laid out that it would repay the full amount of arrears allegedly owed to Pacific Ridge, and that Plaintiff would remain current on his dues owing to Pacific Ridge going forward after his bankruptcy filing.

27. On September 4, 2012, the Bankruptcy Court issued an order confirming Plaintiff's Chapter 13 Plan, filed as Dkt. No. 12 in the Bankruptcy Case.

28. On June 20, 2013, N.N. Jaeschke, filed a Proof of Claim in the Bankruptcy Case, as Claim No. 9-1, wherein N.N. Jaeschke as collection agent for Pacific Ridge represented that the true amount of arrears owed on the date Plaintiff filed his bankruptcy case were $2,978.24

29. In a correspondence dated March 17, 2014, N.N. Jaeschke informed the Chapter 13 Trustee in Plaintiff's Bankruptcy Case that the arrears had been paid in full and requested no further payments be sent.

N.N. Jaeschke, Inc.

Date 3-17-14

Owner Name Manikan
Address 6283 Canyon Bluff
City

Reference: Acct# / Unit ID# Arrears payments

Dear Owner,

The attached CHECK(S) could not be processed due to the following:

☐ Account is on automatic Debit (ACH)
☐ Unit is in Collections
☐ Cannot identify homeowner, address or account number
☐ Post dated or stale dated check
☐ Association is with a New management: _____
☐ Per your request
☐ Damaged check cannot process
☐ Deposit returned
☐ Escrow closed
☐ Payee incorrect
X Other: Account paid in full

Quantity of Check(s) returned: 1

Comments Please do not send additional payments

*First Amended Complaint* **6**

1    30. In response to N.N. Jaeschke's correspondence on behalf of Pacific Ridge, the

2        Chapter 13 Trustee filed in the Bankruptcy Case as Dkt. No. 25, a Notice of

3        Intent to Reconsider and Re-Allow Proof of Claim No. 9, certifying that

4        according to N.N. Jaeschke and Pacific Ridge's records, the true amount of

5        pre-petition arrears due and owing by Plaintiff had been $2,277.10.

| VINCENT GONZALES MANIKAN<br>6283 CANYON BLUFF COURT<br>SAN DIEGO, CA  92121<br>Debtor. | [Chapter 13]<br><br>NOTICE OF INTENT TO RECONSIDER AND<br>RE-ALLOW PROOF OF CLAIM AND CERTIFICATE<br>OF SERVICE |
|---|---|

**1. APPLICATION TO REALLOW CLAIM AND NOTICE THEREON**

    **NOTICE IS HEREBY GIVEN** of the estates intention to re-allow the claim of the creditor named below to the amount indicated pursuant to 11 U.S.C. §502(j) and Rule 3008, Rules of Bankruptcy Procedure, upon the grounds that the creditor, his agent or representatives, or the debtor notified the Trustee that no balance is owing on said claim.  Unless an objection to such re-allowance and a notice of hearing is filed with the Court and served upon the Trustee within TWENTY-EIGHT (28) DAYS from the date of this notice pursuant to Rule 3007, the claim shall be deemed as fully paid pursuant to applicable law and the confirmed plan herein.

| Name and Address of Creditor | Claim Number | Amount Allowed | Balance Due Now | Total Interest Paid |
|---|---|---|---|---|
| N N JAESCHKE<br>9610 WAPLES ST<br>SAN DIEGO, CA  92121 | 1(Trustee)<br>9(Court) | $2,277.10 | $0.00 | $0.00 |

16   31. On November 24, 2015, the Chapter 13 Trustee in Plaintiff's Bankruptcy Case

17       filed as Dkt. No. 32 a Notice of Final Cure Payment and Completion of

18       Payments Under the Plan, wherein the Chapter 13 Trustee duly noticed N.N.

19       Jaeschke on behalf of Pacific Ridge that Plaintiff had repaid all arrears due and

20       owing to Pacific Ridge and that Plaintiff's pre-petition arrears balance had

21       been repaid in full.

| VINCENT GONZALES  MANIKAN<br>Debtor(s). | [Chapter 13]<br><br>NOTICE OF FINAL CURE PAYMENT AND<br>COMPLETION OF PAYMENTS UNDER THE<br>PLAN |
|---|---|

**TO THE CREDITOR NAMED HEREIN:**

Pursuant to Federal Bankruptcy Rule 3002.1(f), the Trustee files Notice that the amount required to cure the default in the below claim has been paid in full and that the Debtor has completed thereto all payments under the confirmed Chapter 13 Plan.

| | |
|---|---|
| Creditor Name: | N N JAESCHKE |
| Court Claim: | 0009 |
| Trustee Claim: | 0001 |
| Account No: | 2481 |
| Amount of Allowed Pre-Petition Arrears: | $2,277.10 |
| Amount Paid by Trustee (may include interest): | $2,277.10 |

*First Amended Complaint* **7**

32. Plaintiff made all payments due and owing under his Chapter 13 Plan, and as part of his Chapter 13 Plan, the Chapter 13 Trustee repaid the full amount of arrears due and owing to Pacific Ridge, and Defendant N.N. Jaeschke filed a document in the Plaintiff's Bankruptcy Case admitting to being paid in full.

33. Plaintiff made all post-bankruptcy payments due and owing to Pacific Ridge after the date he filed bankruptcy and continuing through the current date.

34. At some point prior to September 6, 2016, the exact date yet unknown to Plaintiff but upon information and belief was likely in August of 2016, Defendant Pacific Ridge incorrectly determined that Plaintiff was in default at least $2,597.04 on his Homeowner's Dues, and referred Plaintiff's account to its agents, Defendants N.N. Jaeschke, and P&F, for collection thereon, including pursuit of a nonjudicial foreclosure action.

35. In their selection and retention of Defendant P&F to work as their respective agent or sub-agent, Defendants Pacific Ridge, N.N. Jaeschke, each of them, selected Defendant P&F and assigned work to Defendant P&F, including the actions described herein, based on the reliability, accuracy of information, and timeliness, and past performance of Defendant P&F.

36. At some point prior to September 6, 2016, the exact date yet unknown to Plaintiff but upon information and belief was likely in August of 2016, Defendant P&F, on behalf of Defendants Pacific Ridge and N.N. Jaeschke, initiated a nonjudicial foreclosure of Plaintiff's residence predicated on the alleged arrears of $2,597.04, which were not actually owed.

37. At some point prior to September 6, 2016, the exact date yet unknown to Plaintiff but upon information and belief was likely in early September of 2016, Defendant P&F, on behalf of Defendants Pacific Ridge and N.N. Jaeschke, and with their knowledge and consent, retained and instructed Defendant AAS to personally serve Plaintiff with a Notice of Default as part of an action to pursue a nonjudicial foreclosure of Plaintiff's residence due to the

*First Amended Complaint* **8**

1    alleged arrears of $2,597.04, which were not actually owed.

2  38. In their selection and retention of Defendant AAS to work as their respective

3       agent or sub-agent, Defendants Pacific Ridge, N.N. Jaeschke, and P&F, each of

4       them, selected Defendant AAS and assigned work to Defendant AAS,

5       including the service at issue in this case, based on the reliability, accuracy of

6       information, and timeliness of Defendant AAS' performance.

7  39. On September 2, 2016, Plaintiff was current with all obligations due and owing

8       to Pacific Ridge and had no outstanding default or arrears owed to Defendant

9       Pacific Ridge.

10  40. On September 2, 2016, Dakotah Douglas ("Mr. Douglas"), an employee of

11       Defendant AAS, while acting in his role as employee and within the scope of

12       his employment for Defendant AAS, while dressed in plain clothes unlawfully

13       entered Plaintiff's backyard without permission by pushing through and

14       breaking a closed gate on the side of Plaintiff's home.

15  41. In the process of securing the unlawful entry by pushing open and breaking the

16       closed gate, Mr. Douglas caused significant damage to the gate door, and the

17       posts and window surrounding the gate.  Plaintiff has obtained a written

18       estimate to repair the damage to Plaintiff's gate totaling: $1,218.00.

19  42. On September 2, 2016, after damaging the gate to secure unlawful entry, Mr.

20       Douglas then came around the side of Plaintiff's backyard and began forcefully

21       banging on the Plaintiff's kitchen window.  Plaintiff's cousin was eating in the

22       kitchen and was terrified by Mr. Douglas banging loudly on the kitchen

23       window.  Plaintiff's cousin called 911 and called out for Plaintiff who was

24       upstairs.  Plaintiff rushed downstairs and saw Mr. Douglas banging on the

25       kitchen window.  Plaintiff was unable to make out what Mr. Douglas was

26       stating, as Plaintiff had double pane windows that significantly muted sound.

27       Plaintiff experienced anxiety, fear, and terror as he believed Mr. Douglas was

28       attempting to break into his home and physically harm him and his family.

*First Amended Complaint* **9**

43. Mr. Douglas then disappeared from the kitchen window and made his way further around Plaintiff's backyard and began loudly banging on a bedroom window where Plaintiff's elderly mother was resting. Plaintiff's mother had been undergoing chemotherapy to treat her cancer, and was therefore resting as she was exhausted. Plaintiff's mother was abruptly awoken and terrified by Mr. Douglas banging on her window, therefore she called out for Plaintiff's help, whereby Plaintiff ran to her room. When Plaintiff arrived in her room, he again found Defendants' agent Mr. Douglas forcefully banging on the window. Therefore, Plaintiff yelled for the other members of his house to call the police.

44. The police were summoned to Plaintiff's residence and upon hearing the police approaching, Mr. Douglas quickly ran to the front yard. Upon the arrival of the police, Plaintiff opened his door and saw that Mr. Douglas had gone out to the front yard. Mr. Douglas then for the first time explained to the police that he had been hired to serve Plaintiff with a Notice of Default on behalf of Defendant Pacific Ridge.

45. Plaintiff explained to the Police that Mr. Douglas had illegally trespassed and terrorized Plaintiff and his family members. The police officers agreed to take a police report of the incident, but to Plaintiff's knowledge no formal charges were brought against Mr. Douglas.

46. After the police arrived, Mr. Douglas provided Plaintiff with a copy of Notice of Default ("NOD") from Pacific Ridge. The NOD had a stamped recordation date of April 9, 2012, citing a balance owed as of April 9, 2012, and stated that it was from Defendant P&F, which was sent at the direction of Defendant Pacific Ridge and Defendant N.N. Jaeschke.

47. The NOD specifically stated in caps at the top of the document

*PETERS & FREEDMAN, LLP IS ACTING IN THE FUNCTION OF A DEBT COLLECTOR, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE*

**NOTICE OF DEFAULT AND ELECTION TO SELL**
**<u>IMPORTANT NOTICE</u>**
**<u>IF YOUR PROPERTY IS IN FORCLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTIONS.</u>**

48. The NOD further stated:

*You may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account…*
*This amount is $2,597.04 as of April 2, 2012, and will increase until your account becomes due.*

49. Upon being served with the NOD, Plaintiff was confused and concerned as he was current on his payments to Pacific Ridge and that there was no outstanding balance owed.  Upon seeing that Pacific Ridge intended to foreclose on his home, Plaintiff experienced panic, anxiety, fear, concern, sleeplessness, hopelessness, and despair as he feared that Pacific Ridge would soon unlawfully foreclose on his home.

50. On or about September 6, 2016, Plaintiff called Defendant P&F and spoke to a representative named Marcela.  Plaintiff explained that he had repaid all the pre-bankruptcy arrears to Defendant Pacific Ridge previously.  Marcela stated that according to her records, the balance provided to Defendant P&F by Defendant N.N. Jaeschke on behalf of Defendant Pacific Ridge was correct and

the arrears balance indicated on the NOD had not been paid.  Marcela again confirmed for Plaintiff over his objection that the arrears in the amount of $2,597.04 were still due and owing to Defendant Pacific Ridge and that the NOD was properly served on him to collect that balance.

51. After speaking with the representative from Defendant P&F and having the unlawful balance confirmed, Plaintiff suffered further anxiety, concern, fear, hopelessness, depression and began experiencing high blood pressure.  Plaintiff believed he was facing imminent foreclosure and did not have the funds on hand to cure the alleged arrears that Plaintiff knew he had previously repaid and therefore did not actually owe.

52. Following the exchange with the representative from Defendant P&F, Plaintiff sought out medical treatment for his high blood pressure, anxiety, depression, sleeplessness, and headaches.  A medical doctor treated Plaintiff for high blood pressure as a direct and proximate result of this incident.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET SEQ.
### [AS TO DEFENDANT P&F, AND DEFENDANT AAS ONLY]

Plaintiff incorporates by reference and realleges Paragraphs 1-52 above as if fully stated herein.

53. 15 U.S.C. §1692(d) provides a non-exhaustive list of prohibited debt collection conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

54. 15 U.S.C. §1692(e)(2) prohibits "(a) the false representation of the character, amount, or legal status of any debt."

55. 15 U.S.C §1692(e)(5) prohibits "the threat to take any action that cannot be legally taken or that is not intended to be taken."

56. 15 U.S.C. §1692(f)(1) prohibits, "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

57. 15 U.S.C. §1692(f)(6) prohibits, "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –

     (a) there is no present right to possession of the of the property claimed as collateral through an enforceable security interest;

     (b) there is no present intention to take possession of the property; or

     (c) the property is exempt by law from such dispossession or disablement.

58. The acts of Mr. Douglas alleged herein, were made as the agent(s) and/or sub-agent(s) of Defendants, all of them, and all acts were committed in the scope of the agent(s) and/or sub-agent(s) employment and in furtherance of Defendants' interests.

59. Defendant P&F served on Plaintiff a NOD which threatened foreclosure and stated a balance was due and owing of $2,597.04, when in fact, no such balance was owed.

60. By threatening Plaintiff with foreclosure, and by its agent's acts to trespass into Plaintiff's backyard, damage his real property, traverse throughout Plaintiff's private property, and violently bang on Plaintiff's windows, Defendant P&F through its agent engaged in collection conduct wherein the natural consequence was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. §1692(d).

*First Amended Complaint* **13**

61. By threating Plaintiff with foreclosure resulting from the $2,597.04 alleged default, when in fact, no amount was due or owing, Defendant P&F threatened to take an action that could not be legally taken in violation of 15 U.S.C. §1692(e)(5).

62. By sending Mr. Douglas to serve the NOD on Plaintiff, by stating in the NOD that Plaintiff had a balance of $2,597.04 due and owing, and by confirming verbally to Plaintiff that $2,597.04 was in fact due and owing on a subsequent phone call, Defendant P&F falsely represented the character and legal status of their claim in violation of 15 U.S.C. §1692 (e)(2) and attempted to collect on an amount that was not expressly authorized, in violation of 15 U.S.C. §1692(f)(1).

63. Defendant P&F, as the debt collector and agent for Defendants Pacific Ridge and N.N. Jaeschke unlawfully took the acts described herein, and in so doing both threatened to take, and actually took nonjudicial foreclosure action to effect dispossession of Plaintiff's property when there was no present right to possession of the of said property, and therefore violated 15 U.S.C. §1692(f)(6)(a).

64. By threatening Plaintiff with foreclosure, and by its agent's acts to trespass into Plaintiff's backyard, damage his real property, traverse throughout Plaintiff's private property, and violently bang on Plaintiff's windows, Defendant AAS engaged in collection conduct wherein the natural consequence was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. §1692(d)

65. Defendant AAS, as the debt collector and agent for Defendants Pacific Ridge, N.N. Jaeschke, and P&F, unlawfully took the acts described herein, and in so doing both threatened to take, and actually took nonjudicial action to effect dispossession of Plaintiff's property when there was no present right to take possession of said property, and therefore violated 15 U.S.C. §1692(f)(6)(a).

66. As a direct and proximate result of Defendants P&F's and AAS's respective

*First Amended Complaint* **14**

violations of 15 U.S.C. §1692 et. seq., Plaintiff suffered damage to his real property.

67. Furthermore, as a direct and proximate result of Defendants P&F's and AAS's respective violations of 15 U.S.C. §1692 et. seq., Plaintiff suffered emotional distress.

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA) CAL. CIV. CODE §§ 1788-1788.32**

[AS TO DEFENDANT PACIFIC RIDGE, DEFENDANT N.N. JAESCHKE, AND DEFENDANT AAS ONLY]

Plaintiff incorporates by reference and realleges Paragraphs 1-67 above as if fully stated herein.

68. Cal Civ. Code §§ 1788.17 requires that Debt Collectors comply with the provisions of 11 U.S.C. §§ 1692(b) through 1692(j).

69. 15 U.S.C. §1692(d) provides a non-exhaustive list of prohibited debt collection conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

70. 15 U.S.C. §1692(e)(2) prohibits "(a) the false representation of the character, amount, or legal status of any debt."

71. 15 U.S.C §1692(e)(5) prohibits "the threat to take any action that cannot be legally taken or that is not intended to be taken."

72. 15 U.S.C. §1692(f)(1) prohibits, "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

73. 15 U.S.C. §1692(f)(6) prohibits, "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –

*First Amended Complaint* **15**

(a) there is no present right to possession of the of the property claimed as collateral through an enforceable security interest;

(b) there is no present intention to take possession of the property; or

(c) the property is exempt by law from such dispossession or disablement.

74. The acts of Defendant P&F, and those of Mr. Douglas alleged herein, were made as the respective agents and/or sub-agents of Defendants Pacific Ridge and N.N. Jaeschke, and all acts were committed in the scope of the respective agents' employment and in furtherance of Defendants Pacific Ridge and N.N. Jaeschke's interests.

75. Defendants Pacific Ridge and N.N. Jaeschke, through their agent P&F and based on their instructions, served on Plaintiff a NOD which threatened foreclosure and stated a balance was due and owing of $2,597.04, when in fact, no such balance was owed.

76. By threatening Plaintiff with foreclosure, and by its agent's acts to trespass into Plaintiff's backyard, damage his real property, traverse throughout Plaintiff's private property, and violently bang on Plaintiff's windows, Defendants Pacific Ridge, N.N. Jaeschke, and AAS engaged in collection conduct wherein the natural consequence was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. §1692(d).

77. By threating Plaintiff with foreclosure resulting from the $2,597.04 alleged default, when in fact, no amount was due or owing, Defendants, Pacific Ridge and N.N. Jaeschke threatened to take an action that could not be legally taken in violation of 15 U.S.C. §1692(e)(5).

78. By instructing Mr. Douglas to serve the NOD on Plaintiff, by stating in the NOD that Plaintiff had a balance of $2,597.04 due and owing, serving the NOD on Plaintiff, Defendants Pacific Ridge and N.N. Jaeschke, falsely represented

*First Amended Complaint* **16**

1  the character and legal status of their claim in violation of 15 U.S.C. §1692

2  (e)(2).

3  79. By threatening Plaintiff with foreclosure, and by their agent's acts to trespass

4  into Plaintiff's backyard, damage his real property, traverse throughout

5  Plaintiff's private property, and violently bang on Plaintiff's windows,

6  Defendants Pacific Ridge, N.N. Jaeschke, and AAS, all of them, engaged in

7  collection conduct wherein the natural consequence was to harass, oppress, or

8  abuse Plaintiff, in violation of 15 U.S.C. §1692(f)(1).

9  80. Defendants Pacific Ridge, N.N. Jaeschke, and AAS, unlawfully took the acts

10  described herein, and in so doing both threatened to take, and actually took

11  nonjudicial action to effect dispossession of Plaintiff's property when there was

12  no present right to possession of said property, and therefore violated 15 U.S.C.

13  §1692(f)(6)(a).

14  81. As a direct and proximate result of Defendants Pacific Ridge's, N.N.

15  Jaeschke's, and AAS's respective violations of Cal. Civ. Code §1788 et. seq.,

16  Plaintiff suffered damage to his real property.

17  82. As a direct and proximate result of Defendants Pacific Ridge's, N.N.

18  Jaeschke's, and AAS's respective  violations of Cal. Civ. Code §1788 et. seq.,

19  Plaintiff suffered emotional distress.

20

21  **THIRD CAUSE OF ACTION**

22  **TRESPASS**

23  [AS TO DEFENDANT AAS ONLY]

24  Plaintiff incorporates by reference and realleges Paragraphs 1-82 above as if

25  fully stated herein.

26  83. At all times described herein, Mr. Douglas, was a CA registered process server,

27  subject to Cal. Bus. & Prof. Code §§ 22350 – 22360.

28  84. At all times described herein, Defendant AAS was subject to Cal. Bus. & Prof.

*First Amended Complaint*  **17**

Code § 22356 which states,

"A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant."

85. At all times described herein, Mr. Douglas was either the employee of Defendant AAS and/or an independent contractor acting within the course and scope of his agency relationship on behalf of Defendant AAS.

86. Plaintiff, at all times described herein, was the owner and occupied the residence where Mr. Douglas took the acts described herein.

87. At all times described herein, Plaintiff did not provide Mr. Douglas with permission to enter his property.

88. Mr. Douglas intentionally and recklessly entered Plaintiff's property when, as described herein, Mr. Douglas forcibly entered through Plaintiff's gate and then proceeded to harass Plaintiff from within Plaintiff's own backyard.

89. Mr. Douglas negligently entered Plaintiff's property when, as described herein, Mr. Douglas forcibly entered through Plaintiff's gate and then proceeded to harass Plaintiff from within Plaintiff's own backyard.

90. By having Mr. Douglas forcibly entering Plaintiff's property without Plaintiff's permission, damaging his real property, traversing throughout Plaintiff's private property, and violently banging on Plaintiff's windows as described herein, Defendant AAS trespassed onto Plaintiff's property.

91. As a direct and proximate result of Defendant AAS's trespass, Plaintiff suffered damage to his real property.

92. As a direct and proximate result of Defendant AAS's trespass, Plaintiff suffered emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants herein, respectfully request this Court enter a Judgment against Defendants as follows:

a.   An award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1) against Defendants P&F and AAS.

b.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A) against Defendants P&F and AAS.

c.   An award of reasonable attorney's fees and costs pursuant to 15 U.S.C §1692(k)(a)(3) against Defendants P&F and AAS.

d.   An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) against Defendants Pacific Ridge, N.N. Jaeschke, and AAS.

e.   An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b) against Defendants Pacific Ridge, N.N. Jaeschke, and AAS.

f.   An award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c) against Defendants Pacific Ridge, N.N. Jaeschke, and AAS.

g.   An award of actual damages for Trespass against Defendant AAS.

h.   For punitive damages against all Defendants;

i.   For pre-judgment interest to the extent permitted by law; and

j.   For such other and further relief as the Court may deem just and proper.


Dated: April 17, 2017                    BLC Law Center, APC


                                 By:    /s/ Ahren A. Tiller
                                        Ahren A. Tiller
                                        Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.


Dated: April 17, 2017                                    BLC Law Center, APC


                                                    By:    /s/ Ahren Tiller
                                                           Ahren A. Tiller
                                                           Attorneys for Plaintiff

*First Amended Complaint*  **20**