MANIKAN v. PACIFIC RIDGE NEIGHBORHOOD HOMEOWNERS ASSOCIATION Et. Al

3:17-CV-00467-BEN-BLM

# EXHIBIT 2

**<span style="color:red">REDLINED</span> VERSION OF PROPOSED
FIRST AMENDED COMPLAINT**

Ahren A. Tiller, Esq. (SBN: 250608)
ahren.tiller@blc-sd.com
BLC Law Center, APC
1230 Columbia St., Ste. 1100
San Diego, CA 92101
Telephone: (619) 894-8831
Facsimile: (619) 297-1022

Attorneys for Plaintiff
VINCENT MANIKAN

~~SUPERIOR COURT OF THE STATE OF CALIFORNIA~~

~~FOR THE COUNTY OF SAN DIEGO~~

~~CENTRAL DIVISION – HALL OF JUSTICE~~ UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT MANIKAN,<br><br>            Plaintiff,<br><br>      v.<br><br>PACIFIC RIDGE NEIGHBORHOOD HOMEOWNERS ASSOCIATION, N.N. JAESCHKE, INC., PETERS & FREEDMAN, L.L.P., ADVANCED ATTORNEY SERVICES, INC., AND DOES 1-10.<br><br>            Defendants. | ~~CCase No.:~~ ~~ASE NO:~~ Case No.: 3:17-cv-00467-BEN-BLM<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF (1) THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 ET. SEQ.; ~~and~~ (2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1788.32); AND TRESPASS**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. After finding, "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors,[1]" Congress passed the Fair

---

[1] 15 USC §1692(a)



1    Debt Collection Practices Act (hereinafter "FDCPA") in 1977 to eliminate
2    abusive debt collection practices by debt collectors and to ensure that those
3    debt collectors who refrain from using abusive practices are not competitively
4    disadvantaged.

5    2.  The California legislature determined that unfair or deceptive collection
6    practices undermine the public confidence which is essential to the continued
7    functioning of the banking and credit system.  The legislature further
8    determined there is a need to ensure that debt collectors and debtors exercise
9    their responsibilities to one another with fairness, honesty, and due regard for
10   the rights of others.  The legislature's explicit purpose of enacting the
11   Rosenthal Fair Debt Collection Practices Act of California (hereinafter
12   "RFDCPA") was to prohibit debt collectors from engaging in unfair or
13   deceptive acts or practices in the collection of consumer debts and to require
14   debtors to act fairly in entering into and honoring such debts.[2]

15   3.  VINCENT MANIKAN (hereinafter referred to as "Plaintiff"), through his
16   Counsel of record, brings this action against PACIFIC RIDGE
17   NEIGHBORHOOD HOMEOWNERS ASSOCIATION (hereinafter "Pacific
18   Ridge"), N.N. JAESCHKE, INC. (hereinafter "N.N. Jaeschke"), PETERS &
19   FRIEDMAN, L.L.P. (hereinafter "P&F"), ~~and~~ADVANCED ATTORNEY
20   SERVICES, INC. (hereinafter "AAS" and DOES 1-10, inclusive, (all parties
21   other than Plaintiff, hereinafter are collectively referred to as "Defendants"),
22   pertaining to actions by the Defendants to unlawfully collect a debt allegedly
23   owed by Plaintiff, and these actions caused Plaintiff damages.

24   4.  Plaintiff makes the allegations contained herein on information and belief
25   (except as to those allegations regarding himself, which are made on personal
26   knowledge).

27

28   ---

[2] CA Civil Code §§ 1788.1(a)-(b)

*First Amended* Complaint ~~for Damages~~ 2

**Formatted:** Indent: Left:  0"

**JURISDICTION AND VENUE**

5.  This action is based ~~primarily~~ on Defendants' violations of the RFDCPA found in 15 U.S.C. §§ 1692 et seq.~~, and~~ the RFDCPA found in California Civil Code §§ 1788- 1788.32, and Trespass.~~.~~

6.  ~~This~~ The Superior Court of California in and for the County of San Diego ~~Court~~ has jurisdiction over each defendant, as the unlawful practices alleged herein occurred in California.

7.  Venue is proper in ~~this~~ the Superior Court of California in and for the County of San Diego~~Court~~, because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendants regularly conduct business within State of California, County of San Diego.

**PARTIES**

8.  Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

9.  Plaintiff is allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3).

10. Plaintiff is a "Debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

11. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

12. Defendant Pacific Ridge is a California Corporation and Homeowner's Association.

13. Defendant Pacific Ridge regularly attempts to collect through the use of mails and telephone, "consumer debts" allegedly owed to it, as that term is defined

*First Amended* Complaint ~~for Damages~~ 3

1   by Cal. Civ. Code §1788.2(f).  For example, when individuals owe Pacific

2   Ridge debts for regular monthly dues, delinquent monthly association dues,

3   fines levied by the association, and similar related matters, Pacific Ridge

4   collects on debts owed to it through the mails and telephone.  Therefore,

5   Defendant Pacific Ridge is, as that term is defined by Cal. Civ. Code

6   §1788.2(f), and therefore is a "debt collector" as that term is defined by Cal.

7   Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined

8   by Cal. Civ. Code §1788.2(b).

9   14. Defendant N.N. Jaeschke is a California Corporation, engaged in property

10   management and debt collection.

11   15. Defendant N.N. Jaeschke regularly attempts to collect through the use of mails

12   and telephone, "consumer debts" allegedly owed to it., as that term is defined

13   by Cal. Civ. Code §1788.2(f).  For example, when certain debts allegedly owed

14   to Defendant Pacific Ridge are delinquent, employees of Defendant N.N.

15   Jaeschke collect on those debts by us of the mail and via telephone.  Therefore,

16   Defendant N.N. Jaeschke is a "debt collector" as that term is defined by Cal.

17   Civ. Code §1788.2(f), and therefore is a "debt collector" as that term is defined

18   by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is

19   defined by Cal. Civ. Code §1788.2(b).

20   16. Defendant P&F is a Partnership engaged in the practice of law, including

21   specifically debt collection.

22   17. Defendant P&F regularly collects, or attempts to collect, directly or indirectly,

23   debts owed or due or asserted to be owed or due another.  For example, when

24   alleged debts owed to Defendant Pacific Ridge are delinquent, Defendant P&F

25   regularly seeks to collect on those delinquent debts through the mail,

26   telephone, use of the Courts, and by other means of collection.  Defendant

27   P&F, and is therefore a "debt collector" as that phrase is defined by 15 U.S.C.

28   §1692(a)(6).

*First Amended* Complaint for *Damages* 4

Formatted: Font: Not Bold

Formatted: Body Text, Don't swap indents on facing pages

17.

18. Defendant P&F regularly attempts to collect through the use of mails and via telephone, "consumer debts" allegedly owed, as that term is defined by Cal. Civ. Code §1788.2(f). For example, when alleged debts owed to Defendant Pacific Ridge are delinquent, Defendant P&F regularly seeks to collect on those delinquent debts through use of the mail, via telephone, though the Court filings, and by other means of collection.  Defendant P&F, therefore, is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. Defendant AAS is a California Corporation, engaged in attorney support services, including the collection of debt.  Defendant AAS is a registered process server, as per Cal. Bus. & Prof. Code §22350.

20. Defendant AAS regularly collects, or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  For Example, Defendant P&F, often retains Defendant AAS to effectuate debt collection in person and through the mails on behalf of Defendant P&F and its clients. Defendant AAS is therefore a "debt collector" as that phrase is defined by 15 U.S.C. §1692a(6).

21. Defendant AAS regularly attempts to collect through the use of mails and in person, "consumer debts" allegedly owed, as that term is defined by Cal. Civ. Code §1788.2(f).  For Example, Defendant P&F, often retains Defendant AAS to effectuate debt collection in person and through the mails on behalf of Defendant P&F and its clients.  Defendant AAS, therefore, is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

18.

22.    This case involves money, property, or their equivalent, due or owing

1    or alleged to be due or owing from a natural person by reason of a consumer

2    credit transaction.  This action arises out of a consumer debt and "consumer

3    credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

4

5                              **GENERAL ALLEGATIONS**

6    Plaintiff incorporates by reference and realleges Paragraphs 1-~~19~~ 22 above as if

7    fully stated herein.

8    ~~20.~~23. Plaintiff is the owner of real property commonly known as 6283 Canyon

9            Bluff Ct~~.~~, San Diego, CA 92121.

10   ~~21.~~24. On July 20, 2012, Plaintiff filed a bankruptcy case under Chapter 13 in the

11           U.S. Bankruptcy Court for the Southern District of California, titled *In re*

12           *Vincent G. Manikan*, with Case No.: 12-10069-LT13 (hereinafter "Bankruptcy

13           Case").

14   ~~22.~~25. Plaintiff scheduled a claim held by Pacific Ridge in his bankruptcy case,

15           alleging arrears owed in the amount of $3,047.04.

16   ~~23.~~26. Plaintiff's Initial Chapter 13 Plan, filed as Dkt. No. 2 in the Bankruptcy

17           Case, (hereinafter "Chapter 13 Plan"), laid out that it would repay the full

18           amount of arrears allegedly owed to Pacific Ridge, and that Plaintiff would

19           remain current on his dues owing to Pacific Ridge going forward after his

20           bankruptcy filing.

21   ~~24.~~27. On September 4, 2012, the Bankruptcy Court issued an order confirming

22           Plaintiff's Chapter 13 Plan, filed as Dkt. No. 12 in the Bankruptcy Case.

23   ~~25.~~28. On June 20, 2013, N.N. Jaeschke, filed a Proof of Claim in the Bankruptcy

24           Case, as Claim No. 9-1, wherein N.N. Jaeschke as collection agent for Pacific

25           Ridge represented that the true amount of arrears owed on the date Plaintiff

26           filed his bankruptcy case were $2,978.24

27   ~~26.~~29. In a correspondence dated March 17, 2014, N.N. Jaeschke informed the

28           Chapter 13 Trustee in Plaintiff's Bankruptcy Case that the arrears had been

1  paid in full and requested no further payments be sent.



15  27.30.        In response to N.N. Jaeschke's correspondence on behalf of Pacific

16  Ridge, the Chapter 13 Trustee filed in the Bankruptcy Case as Dkt. No. 25, a

17  Notice of Intent to Reconsider and Re-Allow Proof of Claim No. 9, certifying

18  that according to N.N. Jaeschke and Pacific Ridge's records, the true amount of

19  pre-petition arrears due and owing by Plaintiff had been $2,277.10.

1

2   ~~28.~~31. On November 24, 2015, the Chapter 13 Trustee in Plaintiff's Bankruptcy

3   Case filed as Dkt. No. 32 a Notice of Final Cure Payment and Completion of

4   Payments Under the Plan, wherein the Chapter 13 Trustee duly noticed N.N.

5   Jaeschke on behalf of Pacific Ridge that Plaintiff had repaid all arrears due and

6   owing to Pacific Ridge and that Plaintiff's pre-petition arrears balance had

7   been repaid in full.

8
9
10
11
12
13
14
15
16

17

18   ~~29.~~32. Plaintiff made all payments due and owing under his Chapter 13 Plan, and as

19   part of his Chapter 13 Plan, the Chapter 13 Trustee repaid the full amount of

20   arrears due and owing to Pacific Ridge. and Defendant N.N. Jaeschke filed a

21   document in the Plaintiff's Bankruptcy Case admitting to being paid in full.

22   33. Plaintiff made all post-bankruptcy payments due and owing to Pacific Ridge

23   after the date he filed bankruptcy and continuing through the current date.

24   34. At some point prior to September 6, 2016, the exact date yet unknown to

25   Plaintiff but upon information and belief was likely in August of 2016,

26   Defendant Pacific Ridge incorrectly determined that Plaintiff was in default at

27   least $2,597.04 on his Homeowner's Dues, and referred Plaintiff's account to

28   its agents, Defendants N.N. Jaeschke, and P&F, for collection thereon,

*First Amended* Complaint ~~for~~ ~~Damages~~ 8

Formatted: Font: Bold

including pursuit of a nonjudicial foreclosure action.

35. In their selection and retention of Defendant P&F to work as their respective agent or sub-agent, Defendants Pacific Ridge, N.N. Jaeschke, each of them, selected Defendant P&F and assigned work to Defendant P&F, including the actions described herein, based on the reliability, accuracy of information, and timeliness, and past performance of Defendant P&F.

36. At some point prior to September 6, 2016, the exact date yet unknown to Plaintiff but upon information and belief was likely in August of 2016, Defendant P&F, on behalf of Defendants Pacific Ridge and N.N. Jaeschke, ~~sought out~~initiated a nonjudicial foreclosure of Plaintiff's residence predicated on the alleged arrears of $2,597.04, which were not actually owed.

37. At some point prior to September 6, 2016, the exact date yet unknown to Plaintiff but upon information and belief was likely in early September of 2016, Defendant P&F, on behalf of Defendants Pacific Ridge and N.N. Jaeschke, and with their knowledge and consent, retained and instructed Defendant AAS to personally serve Plaintiff with a Notice of Default as part of an action to pursue a nonjudicial foreclosure of Plaintiff's residence due to the alleged arrears of $2,597.04, which were not actually owed.

~~30.~~38.    In their selection and retention of Defendant AAS to work as their respective agent or sub-agent, Defendants Pacific Ridge, N.N. Jaeschke, and P&F, each of them, selected Defendant AAS and assigned work to Defendant AAS, including the service at issue in this case, based on the reliability, accuracy of information, and timeliness of Defendant AAS' performance.

~~31.~~39.    On September 2, 2016, Plaintiff was current with all obligations due and owing to Pacific Ridge and had no outstanding default or arrears owed to Defendant Pacific Ridge.

~~32.~~40.    On September 2, 2016, ~~an unknown male agent of Defendants~~Dakotah Douglas ("Mr. Douglas"), an employee of Defendant AAS, while acting in his

*First Amended* Complaint ~~for Damages~~ 9

1  role as employee and within the scope of his employment for Defendant AAS,

2  while dressed in plain clothes and unlawfully entered Plaintiff's backyard

3  without permission by pushing through and breaking a closed gate on the side

4  of Plaintiff's home.

5  33.41. In the process of securing the unlawful entry by pushing open and breaking

6  the closed gate, the unknown male Mr. Douglas caused significant damage to

7  the gate door, and the posts and window surrounding the gate.  Plaintiff has

8  obtained a written estimate to repair the damage to Plaintiff's gate totaling:

9  $1,218.00.

10  34.42. On September 2, 2016, after damaging the gate to secure unlawful entry, the

11  unknown male Mr. Douglas then came around the side of Plaintiff's backyard

12  and began forcefully banging on the Plaintiff's kitchen window.  Plaintiff's

13  cousin was eating in the kitchen and was terrified by the unknown male Mr.

14  Douglas banging loudly on the kitchen window.  Plaintiff's cousin called 911

15  and called out for Plaintiff who was upstairs.  Plaintiff rushed downstairs and

16  saw the unknown male Mr. Douglas banging on the kitchen window.  Plaintiff

17  was unable to make out what Mr. Douglas the unknown male was stating, as

18  Plaintiff had double pane windows that significantly muted sound.  Plaintiff

19  experienced anxiety, fear, and terror as he believed the unknown male Mr.

20  Douglas was attempting to break into his home and physically harm him and

21  his family.

22  35.43. The unknown Mr. Douglas male then disappeared from the kitchen window.

23  Defendant's agent and made his way further around Plaintiff's backyard and

24  began loudly banging on a bedroom window where Plaintiff's elderly mother

25  was resting.  Plaintiff's mother had been undergoing chemotherapy to treat her

26  ceancer, and was therefore resting as she was exhausted.  Plaintiff's mother

27  was abruptly awoken and terrified by the unknown male Mr. Douglas banging

28  on her window, therefore and she called out for Plaintiff's help, whereby

Plaintiff ran to her room.  When Plaintiff arrived in her room, he again found ~~Defendant's~~ Defendants' agent Mr. Douglas ~~f~~forcefully banging on the window.  Therefore, Plaintiff yelled for the other members of his house to call the police.

~~36.~~44.    The police were summoned to Plaintiff's residence and upon hearing the police approaching, ~~the~~Mr. Douglas ~~unidentified agent of Defendants~~ quickly ran to the front yard.  Upon the arrival of the police, Plaintiff opened his door and saw that ~~the unknown male~~Mr. Douglas had gone out to the front yard.  ~~Defendant's unidentified agent~~Mr. Douglas then for the first time explained to the police that he had been hired to serve Plaintiff with a Notice of Default on behalf of Defendant Pacific Ridge.

~~37.~~45.    Plaintiff explained to the Police that ~~whether or not the unknown male~~Mr. Douglas ~~was in fact an off-duty law enforcement officer, he~~ had illegally trespassed and terrorized Plaintiff and his family members.  The police officers agreed to take a police report of the incident, but to Plaintiff's knowledge no formal charges were brought against ~~Defendant's agent~~Mr. Douglas.

After the police arrived, ~~the unknown male process server~~ Mr. Douglas provided Plaintiff with a copy of Notice of Default ("NOD") from Pacific Ridge.  The NOD had a stamped recordation date of April 9, 2012, ~~cited~~citing a balance owed as of April 9, 2012, and stated that it was from Defendant P&F, ~~and was sent on behalf~~ which was sent at the direction of Defendant Pacific Ridge and Defendant N.N. Jaeschke.

46.

> **Formatted:** Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.05" + Indent at:  0.35"

> **Formatted:** Font: Bold

> **Formatted:** Indent: Left:  0.35", First line:  0"

38.47. The NOD specifically stated in caps at the top of the document

*PETERS & FREEDMAN, LLP IS ACTING IN THE FUNCTION*
*OF A DEBT COLLECTOR, ANY INFORMATION OBTAINED*
*WILL BE USED FOR THAT PURPOSE*

**NOTICE OF DEFAULT AND ELECTION TO SELL**
**IMPORTANT NOTICE**
**IF YOUR PROPERTY IS IN FORCLOSURE BECAUSE YOU ARE**
**BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY**
**COURT ACTIONS.**

39.48. The NOD further stated:

*You may have the legal right to bring your account in good standing by*
*paying all of your past due payments plus permitted costs and expenses*
*within the time permitted by law for reinstatement of your account…*

*This amount is $2,597.04 as of April 2, 2012, and will increase until your*
*account becomes due.*

40.49. Upon being served with the NOD, Plaintiff was confused and concerned as
he was current on his payments to Pacific Ridge and that there was no
outstanding balance owed.  Upon seeing that Pacific Ridge intended to

*First Amended* Complaint *for Damages* **12**

foreclose on his home, Plaintiff experienced panic, anxiety, fear, concern,
sleeplessness, hopelessness, and despair as he feared that Pacific Ridge would
soon unlawfully foreclose on his home.

41.50.    On or about September 6, 2016, Plaintiff called Defendant P&F and
spoke to a representative named Marcela.  Plaintiff explained that he had
repaid all the pre-bankruptcy arrears to Defendant Pacific Ridge previously.
Marcela stated that according to her records, the balance provided to Defendant
P&F by Defendant N.N. Jaeschke on behalf of Defendant Pacific Ridge was
correct and the arrears balance indicated on the NOD had not been paidhad not
been paid.  Marcela again confirmed for Plaintiff over his objection that the
arrears in the amount of $2,597.04 were still due and owing to Defendant
Pacific Ridge and that the NOD was properly served on him to collect that
balance.

42.51.    After speaking with the representative from Defendant P&F and
having the unlawful balance confirmed, Plaintiff suffered further anxiety,
concern, fear, hopelessness, depression and began experiencing high blood
pressure.  Plaintiff believed he was facing imminent foreclosure and did not
have the funds on hand to cure the alleged arrears that Plaintiff knew he had
previously repaid and therefore did not actually owe.

43.52.    Following the exchange with the representative from Defendant P&F,
Plaintiff sought out medical treatment for his high blood pressure, anxiety,
depression, sleeplessness, and headaches.  A medical doctor treated Plaintiff
for high blood pressure as a direct and proximate result of this incident.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

First Amended Complaint for Damages 13

**15 U.S.C. § 1692 ET SEQ.**

[AS TO DEFENDANT P&F, AND DEFENDANT AAS ONLY]

Plaintiff incorporates by reference and realleges Paragraphs 1-44 52 above as if fully stated herein.

53. 15 U.S.C. §1692(d) provides a non-exhaustive list of prohibited debt collection conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

44.54.     15 U.S.C. §1692(e)(2) prohibits "(a) the false representation of the character, amount, or legal status of any debt."

45.55.     15 U.S.C §1692(e)(5) prohibits "the threat to take any action that cannot be legally taken or that is not intended to be taken."

46.56.     15 U.S.C. §1692(f)(1) prohibits, "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

15 U.S.C. §1692(d) provides a non-exhaustive list of prohibited debt collection conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

57. 15 U.S.C. §1692(f)(6) prohibits, "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –

(a) there is no present right to possession of the of the property claimed as collateral through an enforceable security interest;

(b) there is no present intention to take possession of the property; or

47.     (c) the property is exempt by law from such dispossession or disablement.

*First Amended* Complaint ~~for Damages~~ **14**

48. The acts of ~~the unknown male~~ Mr. Douglas alleged herein, were made as the agent(s) and/or sub-agent(s) of Defendant~~s P&F~~, all of them, and all acts were committed in the scope of the agent(s) and/or sub-agent(s) employment and in furtherance of Defendant~~s' P&F's~~' interests.

~~Defendant Pacific Ridge, having incorrectly~~
~~determined that Plaintiff was in default at least~~
~~$2,597.04, and referring Plaintiff's account to its~~
~~agents, Defendants N.N. Jaeschke, and P&F, for~~
~~collection thereon, through the acts described~~
~~herein, pursued a nonjudicial foreclosure action,~~
~~both threatened and took nonjudicial action to effect~~
~~dispossession or disablement of Plaintiff's property~~

58.

59. Defendant P&F served on Plaintiff a NOD which threatened foreclosure and stated a balance was due and owing of $2,597.04, when in fact, no such balance was owed.

60. By threatening Plaintiff with foreclosure, and by its agent's acts to trespass into Plaintiff's backyard, damage his real property, traverse throughout Plaintiff's private property, and violently bang on Plaintiff's windows, Defendant P&F through its agent engaged in collection conduct wherein the natural consequence was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. §1692(d).

~~49.~~61.     By threating Plaintiff with foreclosure resulting from the $2,597.04 alleged default, when in fact, no amount was due or owing, Defendant P&F threatened to take an action that could not be legally taken in violation of 15 U.S.C. §1692(e)(5).~~5).~~

50. By sending ~~the unknown~~Mr. Douglas ~~male~~ to serve the NOD on Plaintiff, by stating in the NOD that Plaintiff had a balance of $2,597.04 due and owing, and by confirming verbally to Plaintiff that $2,597.04 was in fact due and

*First Amended* Complaint ~~for Damages~~ 15

owing on a subsequent phone call, Defendant P&F falsely represented the character and legal status of their claim in violation of 15 U.S.C. §1692 (e)(2) and attempted to collect on an amount that was not expressly authorized, in violation of 15 U.S.C. §1692(f)(1).

51. By threating Plaintiff with foreclosure resulting from the $2,597.04 alleged default, when in fact, no amount was due or owing, Defendant P&F threatened to take an action that could not be legally taken in violation of 15 U.S.C. §1692(e)(5).

62. By threatening Plaintiff with foreclosure, and by its agent's acts to trespass into Plaintiff's backyard, damage his real property, traverse throughout Plaintiff's private property, and violently bang on Plaintiff's windows, Defendant P&F engaged in collection conduct wherein the natural consequence was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. §1692(f)(1).

63. Defendant P&F, as the debt collector and agent for Defendants Pacific Ridge and N.N. Jaeschke unlawfully took the acts described herein, and in so doing both threatened to take, and actually took nonjudicial foreclosure action to effect dispossession of Plaintiff's property when there was no present right to possession of the of said property, and therefore violated 15 U.S.C. §1692(f)(6)(a).

Formatted: Font: Bold

64. By threatening Plaintiff with foreclosure, and by its agent's acts to trespass into Plaintiff's backyard, damage his real property, traverse throughout Plaintiff's private property, and violently bang on Plaintiff's windows, Defendant AAS engaged in collection conduct wherein the natural consequence was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. §1692(d)

52.65. Defendant AAS, as the debt collector and agent for Defendants Pacific Ridge, and N.N. Jaeschke, and P&F, unlawfully took the acts described herein, and in so doing both threatened to take, and actually took nonjudicial action to effect dispossession of Plaintiff's propert property when there was yno present

1  right to take possession of said property, and therefore violated 15 U.S.C.
2  §1692(f)(6)(a).

3  53.66.    As a direct and proximate result of Defendants P&F's and AAS's
4  respective's violations of 15 U.S.C. §1692 et. seq., Plaintiff suffered damage to
5  his real property.

6  54.67.    Furthermore, aAs a direct and proximate result of Defendants P&F's
7  and AAS's respective Defendant P&F's violations of 15 U.S.C. §1692 et. seq.,
8  Plaintiff suffered emotional distress.

9
10
11
12
13
14
15

16                    **SECOND CAUSE OF ACTION**
17      **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION**
18          **PRACTICES ACT (RFDCPA) CAL. CIV. CODE §§ 1788-1788.32**
19      [AS TO DEFENDANTS P&F, PACIFIC RIDGE, DEFENDANT AND N.N.
20           JAESCHKE, AND DEFENDANT AAS ONLY]]

21
22  Plaintiff incorporates by reference and realleges Paragraphs 1-55 67 above as if
23  fully stated herein.

24  55. Cal Civ. Code §§ 1788.17 requires that Debt Collectors comply with the
25  provisions of 11 U.S.C. §§ 1692-(b) through §1692-(j).

26  68.
27  15 U.S.C. §1692(d) provides a non-exhaustive list of prohibited debt collection
28  conduct, the natural consequence of which is to harass, oppress, or abuse any

*First Amended Complaint for Damages* **17**

person in connection with the collection of a debt.

~~56.~~69.

~~57.~~70.   15 U.S.C. §1692(e)(2) prohibits "(a) the false representation of the character, amount, or legal status of any debt."

~~58.~~71.   15 U.S.C §1692(e)(5) prohibits "the threat to take any action that cannot be legally taken or that is not intended to be taken."

72.   15 U.S.C. §1692(f)(1) prohibits, "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

73.   15 U.S.C. §1692(f)(6) prohibits, "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –

(a) there is no present right to possession of the of the property claimed as collateral through an enforceable security interest;

(b) there is no present intention to take possession of the property; or

~~59.~~   (c) the property is exempt by law from such dispossession or disablement.

~~60.1.  15 U.S.C. §1692(d) provides a non-exhaustive list of prohibited debt collection conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.~~

~~61.~~74.   The acts of Defendant P&F, and those of ~~the unknown male~~Mr. Douglas alleged herein, were made as the respective agents and/or sub-agents of Defendants Pacific Ridge and N.N. Jaeschke, and all acts were committed in the scope of the respective agents' employment and in furtherance of Defendants Pacific Ridge and N.N. Jaeschke's interests.

~~62.~~Defendants Pacific Ridge and N.N. Jaeschke, through their agent P&F and based on their instructions, served on Plaintiff a NOD which threatened

1   foreclosure and stated a balance was due and owing of $2,597.04, when in fact,

2   no such balance was owed.

3   75.

4   63. By threatening Plaintiff with foreclosure, and by its agent's acts to trespass into

5   Plaintiff's backyard, damage his real property, traverse throughout Plaintiff's

6   private property, and violently bang on Plaintiff's windows, Defendants Pacific

7   Ridge, N.N. Jaeschke, and AAS engaged in collection conduct wherein the

8   natural consequence was to harass, oppress, or abuse Plaintiff, in violation of 15

9   U.S.C. §1692(d).

10  76.

11  ——

12  77. By threating Plaintiff with foreclosure resulting from the $2,597.04 alleged

13  default, when in fact, no amount was due or owing, Defendants, Pacific Ridge

14  and N.N. Jaeschke threatened to take an action that could not be legally taken in

15  violation of 15 U.S.C. §1692(e)(5).

16  64. 78. By instructing Mr. Douglas causing the unknown male to serve the NOD on

17  Plaintiff, by stating in the NOD that Plaintiff had a balance of $2,597.04 due

18  and owing, and by confirming verbally to Plaintiff that $2,597.04 was serving

19  the NOD on Plaintiff, in fact due and owing on a subsequent phone call,

20  Defendants P&F, Pacific Ridge, and N.N. Jaeschke, falsely represented the

21  character and legal status of their claim in violation of 15 U.S.C. §1692 (e)(2).

22  65. By threating Plaintiff with foreclosure resulting from the $2,597.04 alleged

23  default, when in fact, no amount was due or owing, Defendants P&F, Pacific

24  Ridge, and N.N. Jaeschke threatened to take an action that could not be legally

25  taken in violation of 15 U.S.C. §1692(e)(5).

26  79. By threatening Plaintiff with foreclosure, and by their agent's acts to trespass

27  into Plaintiff's backyard, damage his real property, traverse throughout

28  Plaintiff's private property, and violently bang on Plaintiff's windows,

*First Amended* Complaint for Damages **19**

1    Defendants P&F, Pacific Ridge, and N.N. Jaeschke, and AAS, all of them,

2    engaged in collection conduct wherein the natural consequence was to harass,

3    oppress, or abuse Plaintiff, in violation of 15 U.S.C. §1692(f)(1).

4    66.80.    Defendants Pacific Ridge, N.N. Jaeschke, and AAS, unlawfully took

5    the acts described herein, and in so doing both threatened to take, and actually

6    took nonjudicial action to effect dispossession of Plaintiff's property when

7    there was no present right to possession of said property, and therefore violated

8    15 U.S.C. §1692(f)(6)(a).

9    67.81. As a direct and proximate result of Defendants Pacific Ridge's, and N.N.

10    Jaeschke's, and AAS's respective violations of Cal. Civ. Code §1788 et. seq.,

11    Plaintiff suffered damage to his real property.

12    82. As a direct and proximate result of Defendants Pacific Ridge's, N.N.

13    Jaeschke's, and AAS's respective Defendants P&F, Pacific Ridge and N.N.

14    Jaeschke's violations of Cal. Civ. Code §1788 et. seq., Plaintiff suffered

15    emotional distress.

16

17    **THIRD CAUSE OF ACTION**

18    **TRESPASS**

19    **[AS TO DEFENDANT AAS ONLY]**

20    Plaintiff incorporates by reference and realleges Paragraphs 1-

21    812 above as if

22    fully stated herein.

23    83. At all times described herein, Mr. Douglas, was a CA registered process server,

24    subject to Cal. Bus. & Prof. Code §§ 22350 – 22360.

25    At all times described herein, Defendant AAS was subject to Cal. Bus. & Prof.

26    Code § 22356 which states,

27    84.

28    "A registrant shall be responsible at all times for the good conduct of his

or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant."

85. At all times described herein, Mr. Douglas was the either the employee of Defendant AAS and/or an independent contractor acting within the course and scope of his agency relationship on behalf of Defendant AAS.

86. Plaintiff, at all times described herein, was the owner and occupied the residence where Mr. Douglas took the acts described herein.

87. At all times described herein, Plaintiff did not provide Mr. Douglas with permission to enter his property.

88. Mr. Douglas intentionally and recklessly entered Plaintiff's property when, as described herein, Mr. Douglas forcibly entered through Plaintiff's gate and then proceeded to harass Plaintiff from within Plaintiff's own backyard.

68. Mr. Douglas negligently entered Plaintiff's property when, as described herein, Mr. Douglas forcibly entered through Plaintiff's gate and then proceeded to harass Plaintiff from within Plaintiff's own backyard.

89.

69. By having Mr. Douglas forcibly entering Plaintiff's property without Plaintiff's permission, damaging his real property, traversing throughout Plaintiff's private property, and violently banging on Plaintiff's windows as described herein, Defendant AAS trespassed onto Plaintiff's property.

90.

70. As a direct and proximate result of Defendant AAS's trespass, Plaintiff suffered damage to his real property.

91.

92. As a direct and proximate result of Defendant AAS's trespass, Plaintiff suffered emotional distress.

71.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against

Defendants herein, respectfully request this Court enter a Judgment against

Defendants as follows:

a.   An award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1) against

Defendants P&F and AAS. , P&F;

b.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692(k)(a)(2)(A) against Defendant, P&F:s P&F and AAS.

c.   An award of reasonable attorney's fees and costs pursuant to 15 U.S.C

§1692(k)(a)(3) against Defendant, P&F;Defendants P&F and AAS.

d.   An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) against

all Defendants;Defendants Pacific Ridge, N.N. Jaeschke, and AAS.

e.   An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code

§1788.30(b) against Defendants Pacific Ridge, N.N. Jaeschke, and AAS.

e.   all Defendants;

f.   An award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code

§1788.30(c) against Defendants Pacific Ridge, N.N. Jaeschke, and AAS.

g.   An award of actual damages for Trespass against Defendant AAS.

f.   all Defendants.

g.h.For punitive damages against all Defendants;

h.i. For pre-judgment interest to the extent permitted by law; and

i.j. For such other and further relief as the Court may deem just and proper.

Dated: February 1, 2017  April 17, 2017                    BLC Law Center,
APC

Formatted: Indent: Left:  0.35",  No bullets or numbering

Formatted: Indent: Left:  0"

1
2
3    A. Tiller
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By:                              /s/ Ahren

Ahren A. Tiller
Attorneys for Plaintiff

Formatted: No underline

First Amended Complaint for Damages 23

### DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: ~~February 1, 2017~~ April 1~~2~~7, 2017                    Bankruptcy Law Center, APC

Tiller_____       By:   \_/s/ Ahren

Ahren A. Tiller~~r~~
Attorneys for Plaintiff

*First Amended* Complaint ~~for Damages~~ 24

> **Formatted:** Normal, Not Don't swap indents on facing pages