# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT MANIKAN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>PACIFIC RIDGE NEIGHBORHOOD HOMEOWNERS ASSOCIATION, N.N. JAESCHKE, INC., PETERS & FREEDMAN, L.L.P., AND DOES 1-10,<br><br>　　　　　　　　Defendants. | Case No.: 17-cv-00467-BEN-BLM<br><br>**ORDER DENYING MOTION FOR REMAND** |

　　　　Before the Court is Plaintiff's Motion to Remand to San Diego County Superior Court. Specifically, Plaintiff argues that the Notice of Removal filed by Defendants Pacific Ridge Neighborhood Homeowners Association ("Pacific Ridge") and N.N. Jaeschke, Inc. ("Jaeschke") is procedurally defective, and that this Court lacks subject matter jurisdiction over Plaintiff's claims. Defendants Pacific Ridge and Jaeschke contest both of these assertions. Defendant Peters & Freedman, L.L.P. ("Peters & Freedman") did not join in the motion. Upon consideration of the arguments and law, the Court **DENIES** Plaintiff's Motion to Remand.

///

///

1

17-cv-00467-BEN-BLM

# I. BACKGROUND[1]

On July 20, 2012, Plaintiff filed a bankruptcy case in the U.S. Bankruptcy Court for the Southern District of California. (Compl. ¶ 21, ECF No. 1). Plaintiff scheduled a claim held by Pacific Ridge in his bankruptcy case, with Pacific Ridge alleging arrears owed in the amount of $3,047.04. (*Id.* ¶ 22). Defendant Jaeschke filed a Proof of Claim in the bankruptcy case as a collection agent for Pacific Ridge. (*Id.* ¶ 25). On November 24, 2015, the Chapter 13 Trustee in Plaintiff's bankruptcy case filed a Notice of Final Cure Payment and Completion of Payments Under the Plan, and the parties were notified that Plaintiff had repaid all arrears due. (*Id.* ¶ 28).

Plaintiff's instant claims arise from one incident which took place on September 2, 2016, when an unknown male process server broke through Plaintiff's back gate and began pounding on the windows of Plaintiff's house. (*Id.* ¶¶ 32-35). The police were called and, after their arrival, the unknown male identified himself as an off-duty police officer hired to serve Plaintiff with a Notice of Default ("NOD") on behalf of Pacific Ridge. (*Id.* ¶¶ 36-37). The NOD had a stamped recordation date of April 9, 2012 and cited a balance owed of $2,597.04. (*Id.* ¶¶ 38, 40). Across the top of the document, the NOD identified Peters & Freedman as "acting in the function of a debt collector." (*Id.* ¶ 39).

A few days later, Plaintiff spoke to a representative from Peters & Freedman. (*Id.* ¶ 42). Plaintiff explained that he had repaid all pre-bankruptcy arrears due to Pacific Ridge. (*Id.*) The representative explained that, according to her records, the arrears balance on the NOD was correct and that amount was still due to Pacific Ridge.

Plaintiff filed a complaint in San Diego County Superior Court on February 1, 2017, alleging two claims for relief. The first claims alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendant Peters

---

[1] The Court is not making any findings of fact, merely summarizing the relevant factual and procedural information to evaluate the motion at hand.

& Freedman. The second claim alleges a violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.32, against all Defendants.

Defendants Pacific Ridge and Jaeschke filed a Notice of Removal on March 7, 2017, based on 28 U.S.C. §§ 1331, 1441, and 1446. Paragraph seven of the Notice states: "On information and belief, after conferring with counsel for Peters & Freedman, L.L.P. regarding the grounds for removal, Pacific Ridge and N.N. Jaeschke *have no reason to believe that Peters & Freedman, L.L.P. opposes the instant notice of removal*." (Notice of Rem., ECF No. 1) (emphasis added).

On April 6, 2017, Plaintiff filed the instant Motion for Remand. Plaintiff argues that Defendants' Notice of Removal is defective because Peters & Freedman, L.L.P. did not affirmatively consent to the removal. Plaintiff further argues that this Court does not have original subject matter jurisdiction over Plaintiff's claims against Defendants Pacific Ridge and Jaeschke because those claims were based in California law. *Id*. Defendants Pacific Ridge and Jaeschke oppose the motion. Defendants contend that the Notice of Removal is not defective because Peters & Freedman never objected to removal and have implicitly consented to federal jurisdiction by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants further argue that this Court has original subject matter jurisdiction because Plaintiff included a federal claim in his complaint.

## II. ANALYSIS

### I. Procedural Defects in the Notice of Removal

The right of a defendant to remove a civil action to federal court is based in statute. *Libhart v. Santa Monica Diary Co*., 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case presents a federal question or is between citizens of different states. 28 U.S.C. §§ 1441(a), (b). However, the removing party must comply with certain procedural mandates. At issue here is the "rule of unanimity," which requires that all properly served and joined defendants "must join in or consent to the removal." 28 U.S.C § 1446(b)(2)(A). Where fewer than all the

defendants have joined in a removal action, the removing party has the burden under § 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds in Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The party invoking the court's jurisdiction bears the burden of demonstrating that removal was proper. *Prize Frize*, 167 F.3d at 1266. The removal statute is strictly construed against removal, and all doubts regarding jurisdiction are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009), the Ninth Circuit first considered how the unanimity requirement could be met. There, one defendant filed a timely notice a removal indicating that "[a]ll defendants consent to the removal of this action," but the other defendant failed to timely file a written notice stating its joinder. The court noted that no federal rule or statute specifically explains the particular manner in which a co-defendants' joinder must be expressed and, as such, it looked to the general principles that govern procedures for removal and attorney representations to district courts under Federal Rule of Civil Procedure 11. The Ninth Circuit concluded that "the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant." *Id.* at 1225. "One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Id.*

In this case, Plaintiff contends that paragraph seven of Pacific Ridge and Jaeschke's Notice of Removal is insufficient to meet the *Proctor* standard. Plaintiff asserts that the Notice's language stating that Pacific Ridge and Jaeschke have "no reason to believe that Peters & Freedman opposes the instant notice of removal" is not sufficient because it is not an affirmative statement that all defendants consent to removal. This argument is not without merit.

Defendants Pacific Ridge and Jaeschke could have simply made the averment of consent in the language prescribed by the Ninth Circuit. Plaintiff also points out, and this

4

Court takes note, that Peters & Freedman have not joined in the instant motion or made any declarations to support its co-Defendants' contention that Peters & Freedman consented to removal. An averment that the defendant has "no reason to believe" that its co-defendant objects is not an averment of consent. Accordingly, the Court finds that the Notice of Removal is facially deficient. This, however, is not the end of the analysis.

Even where a notice of removal is technically deficient, remand is not automatically required. The rule of unanimity in 28 U.S.C. § 1446(b)(2)(A) is a procedural requirement, not a jurisdictional prerequisite. *See Soliman v. Philip Morris*, 311 F.3d 966, 970 (9th Cir. 1998). "Procedural requirements exist primarily for the protection of the parties." *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028-29 (9th Cir. 2017) (citing *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)). "[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Soliman*, 311 F.3d at 970-71 (citing *Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998)).

Where consent is not explicit, courts have considered other indications of non-removing defendants' consent to removal. In *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 562 (C.D. Cal. 1988), the district court found that by filing an answer to the complaint in federal court, the non-removing defendant "manifested its assent" to removal. In another case, the district court again took note that the non-removing defendant filed an answer after removal, rather than oppose removal. *Gerawan Farming, Inc., v. Worrel & Worell*, No. 1:10-cv-02011, 2011 WL 202453, at *2 (E.D. Cal. Jan. 20, 2011). The non-removing defendant's "consent to removal was further evidence[d] by discussions between counsel weeks prior to filing of the Notice of Removal," in which its counsel notified removing defendant's counsel that his client consented to removal. *Id.* at *3. Furthermore, in *Cardroom International LLC v. Scheinberg, Inc.*, No. CV 12-02870, 2012 WL 263330, at *6 (C.D. Cal. June 18, 2012), the district court did not find fault with the unanimity requirement where one of the non-

removing defendants filed a Rule 12(b)(1) motion after removal. And, in *Proctor*, the Ninth Circuit considered the lack of objection from the non-removing defendant important in denying remand. *Proctor*, 584 F.3d at 1225.

Here, Peters & Freedman did not join in the Notice of Removal, nor has it joined its co-Defendants' Opposition to Motion for Remand. However, Pacific Ridge and Jaeschke indicated in their Notice of Removal that they "conferred" with counsel from Peters & Freedman before filing their Notice of Removal and that Peters & Freedman did not oppose removal. Pacific Ridge and Jaeschke's counsel signed that Notice under threat of Rule 11 sanctions. Furthermore, Peters & Freedman never objected to the removal and, instead, filed a motion to dismiss under Rule 12(b)(6) within the time period given to oppose removal. Given these circumstances, Peters & Freedman has manifested its consent to removal. *See Proctor*, 584 F.3d at 1225 (explaining that the availability of sanctions and opportunity to object to removal "mitigate concerns that one defendant might falsely state the other defendants' consent, or that one defendant might game the system by silently allowing another to remove and, if the federal forum proves disadvantageous, belatedly object that he had not consented.").

## II. Subject Matter Jurisdiction

With the issue of consent resolved, the remaining issue is whether the Court has subject matter jurisdiction. Plaintiff argues that the Court lacks jurisdiction because the complaint does not allege any federal claims against removing Defendants Pacific Ridge and Jaeschke and, instead, only alleges claims against them based in California law. The Court disagrees and finds that it has subject matter jurisdiction over Plaintiff's claims.

The existence of federal question jurisdiction is determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts hold original jurisdiction over those cases in which the complaint establishes that federal law creates the cause of action for plaintiff's claims, thereby conferring original jurisdiction under 28 U.S.C. § 1441. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983). Once federal court jurisdiction is established,

6

supplemental jurisdiction is also established over state law claims that are "so related to the claims in the action within original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Although Plaintiff rightfully argues that his California state law claims do not create subject matter jurisdiction, his claim based on federal law does. "The threshold requirement for removal jurisdiction under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). The plaintiff is the "master of his complaint" and may avoid federal jurisdiction by relying exclusively on state law. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). Plaintiff alleges only two claims: one based in federal law under 15 U.S.C. § 1692 and one based in California law under California Civil Code § 1788. Thus, this is a straightforward example of a complaint that "contains a cause of action that is within the original jurisdiction of the district court." *Ansley*, 340 F.3d at 861. In turn, the Court exercises supplemental jurisdiction over Plaintiff's state law claims.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 10, 2017

Hon. Roger T. Benitez
United States District Judge