UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| VINCENT MANIKAN, | Case No.: 3:17-cv-00467-BEN-JLB |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| PACIFIC RIDGE NEIGHBORHOOD HOMEOWNERS ASSOCIATION; N.N. JAESCHKE, INC.; et al., | |
| Defendants. | |

Before the Court is the motion to dismiss Plaintiff's First Amended Complaint filed by Defendants Pacific Ridge Neighborhood Homeowners Association and N.N. Jaeschke, Inc. (Docket No. 26.) The motion is fully briefed. For the reasons that follow, the Moving Defendants' motion is **DENIED**.

## BACKGROUND[1]

Plaintiff Vincent Manikan is the owner of real property in San Diego, California. Defendant Pacific Ridge Homeowners Association ("Pacific Ridge") is a homeowner's

---

[1] The following overview of the facts are drawn from Plaintiff's First Amended Complaint, which the Court assumes true in analyzing Defendant's motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

1

association; Plaintiff's real property is located within Pacific Ridge's area. Defendant N.N. Jaeschke ("Jaeschke") is a property management company Pacific Ridge engages to manage its properties, including collection of homeowner's dues.

On July 20, 2012, Plaintiff filed a Chapter 13 bankruptcy case in the U.S. Bankruptcy Court for the Southern District of California.[2] Plaintiff scheduled a claim held by Pacific Ridge for $3,047.04 in alleged arrears. According to Plaintiff's Initial Chapter 13 Plan ("Chapter 13 Plan"), the entire amount of Pacific Ridge's claim would be paid, and Plaintiff would thereafter remain current on his homeowner's dues.

On September 4, 2012, the Bankruptcy Court issued an order confirming Plaintiff's Chapter 13 Plan. On June 20, 2013, Jaeschke, as a collection agent for Pacific Ridge, filed a Proof of Claim in the Bankruptcy Court, which represented the true amount of arrears Plaintiff owed to Pacific Ridge at the time Plaintiff filed his bankruptcy case was $2,978.24. Subsequently, on March 17, 2014, Jaeschke (on behalf of Pacific Ridge) advised Plaintiff's Chapter 13 Trustee in writing that Plaintiff's arrears had been fully paid, and requested the Trustee not forward any additional payments.

In response to Jaeschke's correspondence, Plaintiff's Chapter 13 Trustee filed a "Notice of Intent to Reconsider and Re-Allow Proof of Claim," which certified that the true pre-bankruptcy petition amount owed by Plaintiff to Jaeschke (on behalf of Pacific Ridge) was $2,277.10. On November 24, 2015, the Plaintiff's Chapter 13 Trustee filed a "Notice of Final Cure Payment and Completion of Payments Under the Plan." This Notice advised Jaeschke that Plaintiff's Chapter 13 Trustee had paid it the full amount of Pacific Ridge's claim against Plaintiff in the amount of $2,277.10.

Post-bankruptcy, Plaintiff has made all payments owed to Pacific Ridge. However, sometime before September 6, 2016, Pacific Ridge incorrectly determined Plaintiff owed $2,597.04 in Homeowner's Dues, and referred Plaintiff's account to

---

[2] *In re Vincent G. Manikan*, Case No. 12-10069-LT13.

Jaeschke and Defendant Peters & Freedman, LLP ("P&F")[3] for collection, including initiation of a nonjudicial foreclosure on Plaintiff's real property based on the erroneously alleged arrears for $2,597.04. On behalf of Pacific Ridge and Jaeschke, and with their knowledge and consent, P&F retained Defendant Advanced Attorney Services, Inc. ("AAS"), a registered process server that engages in attorney support services, including debt collection.

On September 2, 2016, AAS employee Dakotah Douglas ("Douglas") entered Plaintiff's backyard by pushing open and breaking Plaintiff's closed gate, ultimately causing an estimated $1,218 in damage to the gate and its surrounding posts and windows. Douglas proceeded around the side of Plaintiff's backyard and began forcefully banging on Plaintiff's kitchen window, which scared Plaintiff's cousin, who phoned 911 and called for Plaintiff, who was upstairs at the time.

Plaintiff rushed downstairs and saw Douglas banging on the kitchen window. Plaintiff was unable to understand what Douglas was saying through the glass, and became fearful that Douglas was attempting a break-in and would physically harm Plaintiff and his family. Douglas then moved from outside the kitchen window and further around Plaintiff's backyard before banging loudly on a bedroom window, which woke up and frightened Plaintiff's mother who had been resting in the room.

Around this time, the police started to arrive, which prompted Douglas to run to the front yard. When the police arrived at Plaintiff's property, Plaintiff opened his door and heard Douglas explain to the police that he had been hired to serve Plaintiff with a Notice of Default on behalf of Pacific Ridge. Douglas then provided Plaintiff with a copy of the Notice of Default from Pacific Ridge. The Notice of Default had a stamped recordation date of April 9, 2012, citing a balance owed as of April 9, 2012, and stated that it was from P&F at the direction of Pacific Ridge and Jaeschke.

---

[3] According to Plaintiff's FAC, P&F is a partnership engaged in the practice of law, including debt collection.

On September 6, 2016, Plaintiff called P&F to explain that he had previously repaid all pre-bankruptcy arrears to Pacific Ridge. P&F's representative, "Marcella," explained that "according to her records, the balance provided to [P&F] by [Jaeschke] on behalf of [Pacific Ridge]" was accurate and that Plaintiff was in arrears in the amount of $2,597.04.

On February 2, 2017, Plaintiff filed his initial complaint in the San Diego Superior Court alleging violations of the Federal Fair Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").[4] (Docket No. 1-2.) On March 7, 2017, Plaintiff's action was removed to this Court. (Docket No. 1.) On July 21, 2017, the Court granted Plaintiff's motion to amend his complaint to add a new defendant (AAS) and assert a new claim for trespass. (Docket No. 21.) On July 24, 2017, Plaintiff filed the operative First Amended Complaint ("FAC"). (Docket No. 22.) Pacific Ridge and Jaeschke ("Moving Defendants") now seek dismissal of the claims asserted against them in the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

"A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[4] Case No. 37-2017-00004154-CU-NP-CTL.

4

alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). While the Court must draw all reasonable inferences in the non-movant's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). Nevertheless, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Plaintiff's FAC asserts one state law claim against each of the Moving Defendants for violation of the Rosenthal Act. The Moving Defendants' motion argues that Plaintiff has failed to state a claim against either of them on two primary grounds:[5] (1) neither Pacific Ridge nor Jaeschke are "debt collectors" as defined by the Rosenthal Act; and (2) even if they were debt collectors, the alleged wrongful conduct is not covered by the Rosenthal Act. As will be explained in further detail below, the Court finds the allegations in Plaintiff's FAC sufficient to withstand the motion to dismiss.

The Rosenthal Act is intended "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts[.]" Cal Civ. Code § 1788.1. To state a claim for violation of the Rosenthal Act, a plaintiff must plausibly allege: (1) he is a debtor; (2) the debt at issue is a "consumer debt"; (3) the defendant is a "debt collector"; and (4) "that the defendant violated one of the liability provisions of the [Rosenthal

///

---

[5] The Court's analysis of the Moving Defendants' primary arguments does not mean the Court has not considered all of the Moving Defendants' grounds for dismissal. The Court has reviewed and considered all of the arguments contained therein, even though it may not expressly discuss each argument.

5

3:17-cv-00467-BEN-JLB

Act]."[6] *Ansari v. Elec. Document Processing Inc.*, Case No. 5:12-CV-01245-LHK, 2013 WL 4647621, at *4 (N.D. Cal. Aug. 29, 2013)).

Under the Rosenthal Act, a "debt collector" is:

> any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law.

Cal. Civ. Code § 1788.2(c). "The term 'debt collection' means any act or practice in connection with the collection of consumer debts." *Id.* § 1788.2(b).

The Moving Defendants' complain that Plaintiff "merely alleges legal conclusions cast in the form of factual allegations." (Mot. at p. 6.) However, their argument is based on their own legal conclusion that "[n]either Pacific Ridge nor [Jaeschke] engage in debt collection regularly, or in the ordinary course of their business." (*Id.*) (*see also id.* at p. 1) ("Pacific Ridge and N.N. Jaeschke are first party creditors; they are *not* debt collectors. Pacific Ridge is a homeowners' association; N.N. Jaeschke is the general manager for the homeowners' association.") (emphasis in original.) The Moving Defendants offer no authority to support their implied argument that their self-identification as a homeowners' association and property management company, *ipso facto*, shields them from liability under the Rosenthal Act. Moreover, the Ninth Circuit has recognized that the Rosenthal Act "does not exempt homeowners' associations attempting to collect overdue assessment fees pursuant to California Civil Code § 5660." *Mashiri*, 845 F.3d at 989 n.5 (citing *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 623 n.8 (9th Cir. 2016), *amended and superseded on other grounds by Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568 (9th Cir. 2017)).

---

[6] The Moving Defendants do not dispute that the first two elements have been sufficiently pled.

Here, the FAC alleges Pacific Ridge regularly attempts to collect monthly association dues, fines levied by the association, and other "consumer debts" allegedly owed to it through the use of the mails and telephone. (FAC ¶ 13.) As to Jaeschke, the FAC alleges Jaeschke regularly attempts to collect delinquent "consumer debts" allegedly owed to Pacific Ridge through the use of the mails and telephone. (*Id.* ¶ 15.) Jaeschke is further alleged to have acted on Pacific Ridge's behalf in Plaintiff's bankruptcy case to collect amounts owed by Pacific Ridge. (*Id.* ¶¶ 24-31.) Accepting these factual allegations as true, the Court finds Plaintiff has met his pleading burden to plausibly allege that Moving Defendants are "debt collectors" as defined by the Rosenthal Act.[7, 8]

Next, the Moving Defendants challenge the sufficiency of the FAC's pleading regarding the alleged conduct attributable to them. First, they argue the FAC only alleges specific acts by P&F and AAS and does not allege that either Moving Defendant took any specific actions in violation of the Rosenthal Act. However, as Plaintiff accurately identifies, the FAC specifically alleges "Pacific Ridge incorrectly determined Plaintiff was in default of $2,597.04 on his Homeowner's Dues, and referred Plaintiff's account to

---

[7] It may be that, after a reasonable opportunity to conduct discovery, the Moving Defendants are able to prove with evidence that they are not "debt collectors" under the Rosenthal Act. However, this is a question of fact that is inappropriate for determination in a Rule 12(b)(6) motion to dismiss.

[8] Because the Court concludes Plaintiff plausibly alleges the Moving Defendants' are "debt collectors," the Court rejects their argument that they "cannot be vicariously liable" for P&F's and/or AAS's conduct on because they "do not qualify as 'debt collectors.'" (Mot. at p. 10.) As they correctly acknowledge, a client may be held vicariously liable for the debt collector attorney's misconduct "where the client itself was a debt collector within the meaning of the statute." (*Id.*) (citing *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994)). *See also Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1090 (E.D. Cal. 2013) ("By acting as the creditor's agent, and in effect, allowing the creditor to say, 'I didn't do it; my attorney did it,' the attorney allows the creditor to collect under 'a name other than his own which would indicate that a third person is collecting or attempting to collect such debts.'").

7

3:17-cv-00467-BEN-JLB

its agents, [Jaeschke], and P&F, for collection thereon, including nonjudicial foreclosure." (FAC ¶ 34.) The FAC also alleges P&F was Pacific Ridge's and/or Jaeschke's agent or sub/agent, who, in turn, "retained and instructed [AAS] to personally serve Plaintiff with a Notice of Default as part of an action to pursue nonjudicial foreclosure of Plaintiff's residence due to the alleged arrears of $2,597.04, which were not actually owed." (*Id.* ¶ 37.) P&F's and AAS's actions were allegedly taken "with [the Moving Defendants'] knowledge and consent. (*Id.*) The Court finds these allegations sufficient to attribute specific conduct to the Moving Defendants.

Additionally, the Moving Defendants' assertion that Plaintiff failed to state a claim because the debt allegedly sought to be collected was authorized by law is without merit. The FAC clearly alleges the consumer debt underlying his claim against the Moving Defendants was *not* authorized by law because he specifically asserts he was current on all of his payments and did not owe any arrears to Pacific Ridge at the time the alleged wrongful conduct occurred. (*See* FAC ¶¶ 32-37.) To the extent the Moving Defendants attempt to argue that the Notice of Default Douglas served on Plaintiff was for the same debt that was the subject of the claim they held in Plaintiff's bankruptcy case, the FAC clearly alleges that this claim had already been paid, and the Moving Defendants were or should have been aware of the satisfaction of that claim. (*Id.* ¶¶ 24-37.)

Similarly, the Court is not persuaded by Moving Defendants' argument that the alleged conduct is not actionable under the Rosenthal Act because the Notice of Default served on Plaintiff was "in pursuit of conducting an authorized, non-judicial foreclosure pursuant to a deed of trust" from Plaintiff's bankruptcy case. (Mot. at pp. 8-9.) This argument again misconstrues the factual allegations of Plaintiff's FAC, which asserts the Moving Defendants violated the Rosenthal Act in their attempts to collect an alleged debt that was incorrectly attributed to Plaintiff. (*See* FAC ¶¶ 32-37).

In sum, the Court finds the FAC plausibly alleges "more than a sheer possibility" that the Moving Defendants have acted unlawfully, and therefore denies their motion to dismiss. *Mashiri*, 845 F.3d at 988.

# CONCLUSION

For all of the foregoing reasons, Pacific Ridge and Jaeschke's motion to dismiss Plaintiff's First Amended Complaint is **DENIED**.

Dated: March 29, 2018

Hon. Roger T. Benitez
United States District Judge