

**FILED**
Jan 27 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ AKR   DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VINCENT MANIKAN,

        Plaintiff - Appellant,

 v.

PETERS & FREEDMAN, L.L.P. and DOES, 1-10,

        Defendants - Appellees,

 and

N.N. JAESCHKE, INC. and ADVANCED ATTORNEY SERVICES, INC.,

        Defendants.

No. 19-55393

D.C. No. 3:17-cv-00467-BEN-JLB
U.S. District Court for Southern California, San Diego

**MANDATE**

      The judgment of this Court, entered November 25, 2020, takes effect this date.

      This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Nixon Antonio Callejas Morales
Deputy Clerk
Ninth Circuit Rule 27-7

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT MANIKAN,<br>     *Plaintiff-Appellant*,<br><br>v.<br><br>PETERS & FREEDMAN, L.L.P.; DOES,<br>1–10,<br>     *Defendants-Appellees*,<br><br>and<br><br>N.N. JAESCHKE, INC.; ADVANCED<br>ATTORNEY SERVICES, INC.,<br>     *Defendants.* | No. 19-55393<br><br>D.C. No.<br>3:17-cv-00467-<br>BEN-JLB<br><br>OPINION |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted June 19, 2020
Pasadena, California

Filed November 25, 2020

| 2 | MANIKAN V. PETERS & FREEDMAN LLP |
|---|---|

Before: Kim McLane Wardlaw, Deborah L. Cook,[*] and Danielle J. Hunsaker, Circuit Judges.

Opinion by Judge Hunsaker

**SUMMARY**[**]

**Fair Debt Collection Practices Act / Bankruptcy**

Reversing the district court's summary judgment in favor of defendants in an action under the Fair Debt Collection Practices Act, and remanding, the panel held that the plaintiff's claims were not precluded by the Bankruptcy Code.

The plaintiff alleged that defendant debt collectors violated the FDCPA by attempting to collect a debt that was discharged in bankruptcy and was no longer owed. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002), precludes FDCPA claims premised on a violation of a bankruptcy discharge order. The panel held that *Walls* did not preclude the plaintiff's claim, based on a debt that was fully satisfied through a Chapter 13 plan before discharge was entered, because whether an unfair debt collection practice occurred did not depend on issuance or enforcement of the discharge order.

---

[*] The Honorable Deborah L. Cook, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Ahren A. Tiller (argued), BLC Law Center APC, San Diego, California, for Plaintiff-Appellant.

Leah S. Strickland (argued) and Thomas Landers, Solomon Ward Seidenwurm & Smith LLP, San Diego, California, for Defendants-Appellees.

**OPINION**

HUNSAKER, Circuit Judge:

The question in this case is whether our decision in *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002), precludes claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., that are not based on a violation of a bankruptcy discharge order. Because we conclude that *Walls* does not extend to this circumstance, we reverse and remand.

**I. BACKGROUND**

Vincent Manikan lives and owns a home in San Diego, California located in the Pacific Ridge Neighborhood Homeowners' Association (HOA) to which he pays monthly HOA dues. In January 2009, he fell behind on his dues, and Peters & Freedman, LLP (P&F), a law firm acting as a debt collector for the HOA, sent Manikan notices regarding his unpaid dues. Nearly three years later, P&F recorded a "Notice of Delinquent Assessment/Lien" on the HOA's behalf with the San Diego County Recorder's Office. The notice claimed the HOA had a lien of $1,539.00 plus any additional assessment and costs for unpaid HOA dues. Thereafter, P&F recorded a "Notice of Default and Election

4          MANIKAN V. PETERS & FREEDMAN LLP

to Sell" with San Diego County, initiating nonjudicial foreclosure proceedings.

After the foreclosure proceedings were initiated, Manikan filed for Chapter 13 bankruptcy. He designated the HOA as a secured creditor in his bankruptcy petition and valued the HOA's claim at $3,046.04. He also confirmed that he would pay the total HOA arrears through his proposed bankruptcy plan and that he would pay his ongoing HOA dues directly to the HOA. P&F filed a proof of claim for the HOA in the amount of $2,978.24. Ultimately, Manikan's Chapter 13 bankruptcy plan was confirmed.

N.N. Jaeschke, Inc., a property management and debt collection company, received Manikan's HOA arrearage payments paid pursuant to the bankruptcy plan. In March 2014, N.N. Jaeschke told the bankruptcy trustee that the HOA debt was "paid in full." Because the amount paid on the debt was less than the amount stated in the HOA's proof of claim, the trustee adjusted the claim to reflect what was paid and issued a notice stating the HOA's claim was "deemed as fully paid."[1] Over a year and a half later, the bankruptcy trustee filed a "Notice of Final Cure Payment and Completion of Payments Under the Plan," again verifying the HOA debt was paid in full. Two months later, the bankruptcy court entered an order of discharge in Manikan's case.

What happened next brings us to the dispute in this case. Even though the debt had long been paid off and a bankruptcy discharge was entered, P&F hired Advanced Attorney Services (AAS) to re-serve Manikan with the same

---

[1] The amount paid to satisfy the debt was $2,277.10. The HOA's proof of claim filed by P&F stated the amount owed was $2,978.24.

Notice of Default that P&F recorded when it first initiated foreclosure proceedings in 2012. The process server entered Manikan's backyard without permission by breaking a closed gate. The process server then banged on Manikan's windows, startling Manikan, his cousin, and his elderly mother. Someone from Manikan's household called the police and after they arrived, the process server identified himself and served Manikan with the 2012 Notice of Default.

After this incident, Manikan called P&F and explained that he fully paid his HOA debt, but P&F responded that its records still showed an unpaid balance. After further review, P&F located a communication from N.N. Jaeschke stating that the HOA debt was fully paid. P&F then contacted N.N. Jaeschke to determine if the debt was still owed. P&F now admits there was no balance owing when it hired the process server to serve Manikan with the 2012 Notice of Default.

Manikan sued P&F for unfair debt collection practices[2] and moved for partial summary judgment, arguing that P&F's violation of the FDCPA was established as a matter of law because it attempted to collect a debt that was no longer owed and that P&F's agent, AAS, violated the FDCPA in attempting to collect the debt. P&F cross-moved, arguing that Manikan's FDCPA claims were precluded under *Walls v. Wells Fargo Bank, N.A.* because the HOA debt was discharged in bankruptcy. The district court denied Manikan's partial motion and granted P&F's motion, concluding that Manikan's FDCPA claims were precluded "because they are premised upon violations of the

---

[2] Manikan also sued the HOA, N.N. Jaeschke, and AAS. Each of these defendants was dismissed below, and the claims against them are not at issue on appeal.

bankruptcy post-discharge injunction." *Manikan v. Pac. Ridge Neighborhood Homeowners Ass'n*, No. 3:17-cv-00467-BEN-JLB, 2019 WL 1294007, at *4 (S.D. Cal. Mar. 21, 2019). Manikan timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo. *United States v. Phattey*, 943 F.3d 1277, 1280 (9th Cir. 2019). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

## III. DISCUSSION

### A. Is Manikan's HOA Debt Dischargeable?

As a threshold matter, we address Manikan's assertion that his pre-petition debt was never discharged because he repaid his debt before the discharge order was issued. Section 1328(a) of the Bankruptcy Code states that after the payments required under a confirmed Chapter 13 bankruptcy plan are completed, the bankruptcy court, with certain enumerated exceptions, "shall grant the debtor a discharge of all debts *provided for* by the plan." 11 U.S.C. § 1328(a) (emphasis added). The phrase "provided for" in § 1328(a) "mean[s] that a plan makes a provision for, deals with, or even refers to a claim." *Rake v. Wade*, 508 U.S. 464, 477 (1993) (internal quotation marks omitted), *superseded on other grounds by statute*, Bankruptcy Reform Act of 1994, Pub. L. No. 103-394 § 305, 108 Stat. 4106–34, *as recognized in In re New Invs., Inc.*, 840 F.3d 1137, 1141 (9th Cir. 2016); *see also In re Gregory*, 705 F.2d 1118, 1122 (9th Cir. 1983).

MANIKAN V. PETERS & FREEDMAN LLP            7

Here, the HOA's proof of claim in Manikan's Chapter 13 bankruptcy case related only to his pre-petition arrearage. This pre-petition debt was "provided for" in Manikan's confirmed bankruptcy plan. 11 U.S.C. § 1328(a). Because Manikan repaid this debt through operation of the confirmed plan, the bankruptcy court granted Manikan a discharge of his pre-petition arrearage. We therefore reject the assertion that Manikan's debt was never discharged. Nonetheless, as explained below, this is not determinative of whether *Walls* precludes Manikan from pursuing his FDCPA claims.

**B. Does *Walls* preclude Manikan's FDCPA claim?**

*Walls* held that a debtor is precluded from bringing a FDCPA claim premised on a violation of a bankruptcy discharge order. 276 F.3d at 510–11. This case presents a slightly (but notably) different question: Whether a debtor is precluded from bringing a FDCPA claim when the debt at issue was fully satisfied through a Chapter 13 plan *before* discharge was entered. We now hold that *Walls* does not preclude FDCPA claims in such circumstances because whether an unfair debt collection practice occurred does not depend on issuance or enforcement of the discharge order.

**1.** *Walls v. Wells Fargo Bank, N.A.*

In *Walls*, a debtor sued her mortgage creditor for foreclosing on her house after she received a Chapter 7 discharge. 276 F.3d at 505. The debtor sought relief under 11 U.S.C. § 524 of the Bankruptcy Code for willful violation of the discharge order and under 15 U.S.C. § 1692f of the FDCPA for unfair and unconscionable debt-collection practices. *Id.* Because the district court found that the proper remedy for violating the discharge order is a contempt proceeding pursuant to 11 U.S.C. § 105(a), it referred the

| 8 | MANIKAN V. PETERS & FREEDMAN LLP |
|---|---|

debtor's claims of contempt to the bankruptcy court and dismissed the remaining claims. *Id.*

On appeal, the debtor argued that Congress created an implied private right of action to seek relief for violations of a discharge order. *Id.* at 506–10. We disagreed, declining to "expand the remedies available under the Bankruptcy Code for violating § 524." *Id.* at 507. We explained that "[i]mplying a private remedy here could put enforcement of the discharge injunction in the hands of a court that did not issue it (perhaps even in the hands of a jury), which is inconsistent with the present scheme that leaves enforcement to the bankruptcy judge whose discharge order gave rise to the injunction." *Id.* at 509.

We also rejected the debtor's attempt to pursue a simultaneous FDCPA claim because it "would allow through the back door what [the debtor could not] accomplish through the front door—a private right of action." *Id.* at 510. Under the circumstances of that case, there was "no escaping that [the debtor's] FDCPA claim [wa]s based on an alleged violation of [the discharge injunction]" and that resolving her claims, therefore, "necessarily entail[ed] bankruptcy-laden determinations." *Id.* Thus, to allow the FDCPA claim to proceed would also circumvent the balance of interests struck by Congress in the Bankruptcy Code. *Id.*

**2. Are Manikan's FDCPA claims based on violation of his discharge order?**

P&F contends that *Walls* categorically bars a discharged debtor's FDCPA claims brought against a creditor seeking to collect a debt that was provided for in a bankruptcy proceeding. P&F reads *Walls* too broadly, and we decline to extend *Walls* to preclude claims that are not premised on a

MANIKAN V. PETERS & FREEDMAN LLP            9

violation of a bankruptcy discharge order. In *Walls*, the FDCPA claim depended on the discharge injunction. Stated another way, the debtor had no basis independent from the discharge order to show that the creditor acted unlawfully. The lawfulness of the creditor's actions stood or fell on the entry of discharge and the accompanying injunction. And we instructed that claims brought outside of bankruptcy contempt proceedings that seek remedies for violation of the discharge injunctions fail "no matter how cast." *Id.* at 511.

This case is different. Manikan does not seek to remedy a violation of his discharge order. Instead, he alleges P&F acted unlawfully because it tried to collect a debt that he *fully paid* nearly two years before his discharge.[3] So, even if Manikan had never received a discharge in his bankruptcy case, he could still assert P&F acted unlawfully by attempting to collect a debt that he fully satisfied. Manikan's FDCPA claims are therefore premised on a wholly independent theory of relief.[4]

---

[3] P&F does not dispute that Manikan paid his debt in full well before he received his discharge and that P&F reinitiated foreclosure when there was no debt owing.

[4] We note that the debtor in *Walls* alleged FDCPA violations under only 15 U.S.C. § 1692f, *see* 276 F.3d at 505, whereas Manikan alleges violations under Sections 1692e, 1692f, and 1692d. Although Manikan's claims brought under § 1692e and § 1692f are premised on the theory that P&F attempted to collect a debt that was already paid, his § 1692d claim is different. Because that section generally prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, his claim under that provision is premised on the debt-collection techniques used rather than P&F's unlawful attempt to collect a fully paid debt. But this distinction makes no difference to the outcome

10      MANIKAN V. PETERS & FREEDMAN LLP

It may be that Manikan could have relied on his discharge order in alleging unlawful conduct by P&F. *See* 11 U.S.C. § 1328(a) (upon completion of all payments under the plan, the bankruptcy "court shall grant the debtor a discharge of all debts provided for by the plan . . ."). But he did not, nor did he need to. And our decision in *Walls* does not bar independent theories of recovery whenever violation of the discharge order also is a potentially available theory of recovery.

Nor does our holding in this case allow debtors to improperly "circumvent the remedial scheme of the [Bankruptcy] Code." *Walls*, 267 F.3d at 510. Because Manikan's FDCPA claims are not premised on enforcing the discharge order, they do not "necessarily entail[] bankruptcy-laden determinations." *Id*. The amount that Manikan paid was dictated by the terms of his contract with the HOA, not bankruptcy law. And just because he made his arrearage payments through operation of a bankruptcy plan does not render his FDCPA claims inextricably intertwined with bankruptcy issues. Allowing Manikan's FDCPA claims to proceed will therefore not place the enforcement of "complex, detailed, and comprehensive provisions" of the Bankruptcy Code in the hands of the district court or a jury. *Id.* (quoting *MSR Expl., Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996)).[5]

---

because Manikan's § 1692d claim also is wholly independent from the bankruptcy discharge order.

[5] Our reasoning in *Walls* might suggest that § 105(a) and § 524 of the Bankruptcy Code preempted § 1692f of the FDCPA. But this cannot be right—"federal statutes do not *preempt* other federal statutes." *Swinomish Indian Tribal Cmty. v. BNSF R.R. Co.*, 951 F.3d 1142, 1153 (9th Cir. 2020) (citation omitted); *see Randolph v. IMBS, Inc.*, 368 F.3d

MANIKAN V. PETERS & FREEDMAN LLP    11

P&F counters that *Midland Funding LLC v. Johnson*, 137 S. Ct. 1407 (2017), compels affirmance. But *Midland Funding* does not conflict with our holding. There, the Supreme Court held that filing a proof of claim that is facially barred by the applicable statute of limitations is not actionable under §1692e and § 1692f of the FDCPA. *Id.* at 1410–11. The Court explained that the creditor's proof of claim was not "false, deceptive, or misleading," *see* 15 U.S.C. § 1692e, because it had a "right to payment," *see* 11 U.S.C. § 101(5)(A), even after the applicable limitations period had expired and rendered the claim unenforceable. *Midland Funding*, 137 S. Ct. at 1410–13. Nor was the creditor's proof of claim "unfair" or "unconscionable," *see* 15 U.S.C. § 1692f, because of the numerous "protections available in a Chapter 13 bankruptcy proceeding." *Midland Funding*, 137 S. Ct. at 1413–14. The Court explained that it "[did] not find in either the [FDCPA] or the Bankruptcy Code good reason to believe that Congress intended an ordinary civil court applying the [FDCPA] to determine answers to . . . bankruptcy-related questions." *Id.* at 1414. The Court therefore declined to "authorize a new significant bankruptcy-related remedy in the absence of language in the [Bankruptcy] Code providing for it." *Id.* at 1415.

As we have explained, the resolution of Manikan's claims does not hinge on bankruptcy-related questions. The only determination necessary is whether he fully paid his debt in 2014. This is easily resolved because Manikan's full

---

726, 730 (7th Cir. 2004). Because *Walls* applies only where a debtor's FDCPA claim is premised on a violation of the discharge order, we agree with the Second, Third, and Seventh Circuits that the Bankruptcy Code did not implicitly repeal the FDCPA. *See Garfield v. Ocwen Loan Servicing, LLC*, 811 F.3d 86, 91 (2d Cir. 2016); *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 274 (3d Cir. 2013); *Randolph*, 368 F.3d at 730.

12     MANIKAN V. PETERS & FREEDMAN LLP

payment is memorialized in multiple documents publicly filed by both his creditor's representative and the bankruptcy trustee and because P&F does not dispute that Manikan fully paid his HOA debt. Allowing Manikan's FDCPA claims to proceed therefore does not run afoul of *Midland Funding*.

**C. Did Manikan abandon his vicarious liability claim?**

P&F also argues that Manikan abandoned any claim that P&F is vicariously liable for the actions of the AAS process server. Specifically, P&F contends that, in Manikan's opposition to summary judgment, he did not argue that P&F's vicarious liability for the process server's acts created a genuine issue of material fact. This argument lacks merit.

An issue is abandoned only when a party has had "a full and fair opportunity to ventilate its views" on the issue and "instead chooses a position that removes the issue from the case." *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 826 (9th Cir. 2000). Here, the only question before the district court was whether *Walls* precluded Manikan's FDCPA claims; neither party moved for summary judgment on the issue of vicarious liability. Manikan therefore did not have "a full and fair opportunity to ventilate its views" on the vicarious-liability issue, *id.* at 826, and, in any event, we decline P&F's invitation to review this argument raised for the first time on appeal, *see In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014).[6]

---

[6] We also decline to address P&F's bona-fide-error defense because the district court did not reach this issue. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d at 780.

MANIKAN V. PETERS & FREEDMAN LLP    13

## IV.  CONCLUSION

Manikan's FDCPA claims are based on the wholly independent ground of full payment; they are not premised on a violation of the discharge order. Thus, we conclude that *Walls* and our discussion in that case about preserving the balance Congress struck in giving the bankruptcy court plenary authority to enforce its discharge orders does not apply here. Accordingly, the district court's grant of summary judgment is

**REVERSED and REMANDED for further proceedings**.